## Stokes et al. v. Commonwealth et al.

March 14, 1941.

As Modified on Denial of Rehearing May 16, 1941.

392

Henry I. Fox and Beulah Hampton for appellants.

Lawrence S. Grauman, R. Boyd Robertson, Robert T. Burke, Sr., W. Scott Miller, J. H. Gold and J. W. Hottell for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The Commonwealth and Jefferson County by and through the Commissioner of Revenue instituted this action under Section 4154-2, Kentucky Statutes (Baldwin's 1938 Supplement), to invalidate certain tax sales of real estate made on assessments of July 1st, for each of the years 1934, 1935, 1936 and 1937, which sales were made pursuant to Section 4036, Kentucky Statutes (Baldwin's 1936 Ed.), and to have liens adjudged them for such taxes, which liens they seek to have enforced. Involved in the action are eight pieces of real estate in which Mrs. Annie G. Mann owned a life estate with remainder in her seven children. The petition covers some 70 pages and sets up in separate paragraphs the tax assessments against each piece of property for the various years involved; that the sheriff acting for the State and County became the purchaser at the tax sales; that each sale was void because not advertised and not conducted as provided by statute and because the taxpayer had sufficient personal property out of which the taxes could have been made. The prayer of the petition was that the various tax sales be set aside and the taxing authorities adjudged a lien on each particular described piece of real estate and that the liens be enforced by a sale of the property.

Defendants' special demurrer on account of defect of parties was overruled and answer was filed. The first paragraph of the answer attempted to traverse the petition thus:

"Defendants for answer to the petition herein deny each and every allegation in paragraphs 1 to 244 (setting them out numerically) of the petition herein as fully and to the same extent as if copied herein."

By a second paragraph, defendants describe the seventh and eighth pieces of real estate and aver these two pieces of property were wrongfully assessed in the name of Clementine Lammers on July 1st, of each of the years involved, and were sold as her property and the true owner had no opportunity to pay the taxes thereon.

Section 126, Civil Code of Practice, provides:

"Every material allegation of a pleading must, for the purposes of the action, be taken as true, unless specifically traversed, excepting these, which must be proved, though not traversed."

Section 127 defines a material allegation as "One which is necessary for the statement or support of a cause of action or defense." In this jurisdiction a denial of "each averment of the petition" constitutes no answer whatever. Evans v. Evans, 93 Ky. 510, 20 S. W. 605, 14 Ky. Law Rep. 628. The provisions of Section 126 requiring a specific denial of the pleading are mandatory. Rose v. Cecil, 167 Ky. 608, 181 S. W. 170; Flinn v. Blakeman, 254 Ky. 416, 71 S. W. (2d) 961. As there was no denial of the allegations contained in the first 6 paragraphs of the petition, the chancellor did not err in entering judgment granting the plaintiffs a lien on the real estate therein described and decreeing a sale to enforce the lien.

Defendants complain that the cause was submitted for judgment before it stood for trial, and that to take default judgment ordering a sale of the six pieces of real estate before the issues were disposed of concerning the two remaining parcels, was a trial by piecemeal as criticized in Smith v. Smith, 255 Ky. 191, 72 S. W. (2d) 425. Section 996, Kentucky Statutes, relates to the equity practice in courts of continuous session and provides any party may place the action on the trial docket when the time allowed the opposite party to plead has expired, but if any issue has been formed, thirty days must expire since it was formed before the case stands for trial. No issue being formed as to the first 6 paragraphs of the petition, it was not incumbent upon the plaintiffs

to wait thirty days before taking a default judgment. Even if the submission for judgment had been premature, the defendants could not have been prejudiced as there was no issue of fact formed as to the first 6 paragraphs of the petition. Stephens v. Epperson, 283 Ky. 31, 140 S. W. (2d) 656; Hazelwood v. Webster, 78 S. W. 123, 25 Ky. Law Rep. 1388; Walters v. Godsey, 246 Ky. 16, 54 S. W. (2d) 387. It is true Smith v. Smith, supra, says an action should not be tried piecemeal where several issues are joined, but it is no authority to prevent a default judgment from being entered where separate liens are attempted to be enforced on 8 pieces of property and no defense is made as to 6 of them.

The fact that the wife of one of the remaindermen was not made a party to the action is immaterial because a tax lien takes precedence over an inchoate right of dower. Mulligan v. Mulligan, 161 Ky. 628, 171 S. W. 420. There is no merit in defendants' contention that they were given but one day's notice that the court would on September 4th, take up their motion made on August 28th, to set aside the judgment entered on June 27th. A court of continuous session has control over its judgments for only 60 days. Sections 988 and 998, Kentucky Statutes; Thompson v. Porter, 183 Ky. 848, 210 S. W. 948. As this motion was made more than 60 days after the judgment was entered, the court had no authority to vacate it, hence it was immaterial as to what notice was given defendants as to when the motion would be heard.

This appeal is not prosecuted from the judgment ordering the sale of the property, but from the order confirming the report of the sale, which is a final order. First State Bank v. Thacker's Adm'x, 215 Ky. 186, 284 S. W. 1020. However, defendants' attack is directed solely at the judgment as being erroneous and they assign no reasons why the sale is irregular. Exceptions to a report of sale do not raise the question as to whether or not the judgment ordering the sale is erroneous. West v. McDonald, Ky., 113 S. W. 872; Will v. City of Louisville, 176 Ky. 450, 195 S. W. 822. Here the original judgment was not superseded and even though it were erroneous and on appeal it would be reversed, yet that fact would not require a reversal of the order confirming the report of sale. The rule is of long standing in this jurisdiction that the reversal of

a judgment ordering a sale will not affect the sale there-under where the judgment is not superseded and the court had jurisdiction of the parties and of the subject matter, Hays v. Beaver Creek Coal & Coke Co., 178 Ky. 149, 198 S. W. 743; Wolverton v. Baynham, 226 Ky. 214, 10 S. W. (2d) 837.

The judgment is affirmed.