## Hutchinson et al. v. Hutchinson.

Feb. 12, 1943.

Joseph M. Hayse and J. W. Clements for appellant.

J. L. Richardson, Jr., for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

On April 16, 1932, the court entered the following judgment in a suit for divorce being prosecuted by Mrs. Velma Caldwell Hutchinson:

"The Court being sufficiently advised, it is ordered by the Court that the petition herein be and the same is hereby dismissed at the defendant's costs.

"It is further ordered by the Court that the plaintiff's attorney herein, Joseph M. Hayse, be and he is hereby allowed a fee of $300.00 for his services rendered herein. It is further ordered by the Court that no attempt shall be made to collect the said fee of $300.00 for a period of one year, and said attorney is hereby ordered and directed to notify the Court at the time he attempts to collect the said fee.

'It is further ordered by the Court that this action be and the same is hereby retained on the docket as to all further orders concerning the separate maintenance of the plaintiff herein."

The plaintiff promptly moved for a new trial. KRS 451.140. On September 30, 1932, the court sustained the motion and vacated "the judgment heretofore entered in this case dismissing the petition of the plaintiff," and granted her a divorce, with $2,000 alimony. The defendant's motion to set that judgment aside was taken under consideration, and on April 22, 1933, the plaintiff responded with certain pleadings, including a motion that her attorney be allowed $1,000 for his services. On December 30, 1933, "all pending motions were overruled." On January 6, 1934, the defendant moved to set that

order aside and the plaintiff moved that the court order the clerk to issue an execution against the defendant for the $300 fee allowed her counsel on April 16, 1932. Several successive orders were entered setting the case for hearing on the motions or remanding the same. It was finally submitted on April 25, 1934, but nothing was done by the court until almost seven years later. On March 18, 1941, Joseph M. Hayse, attorney for the plaintiff, pursuant to notice served on the defendant, moved that the court pass on his motion of January 6, 1934, to direct the clerk to issue an execution for his fee of $300. The court then overruled that motion and under "retained power," as stated in the order, set aside the judgment allowing the fee. This left the attorney for the wife with no allowance of a fee although the court had granted the wife a divorce with substantial alimony. Mr. Hayse and his client have moved this court to grant an appeal from that order. KRS 21.080.

In a court of continuous session the chancellor loses jurisdiction over his judgments sixty days after rendition unless it is retained expressly or suspended by an order or some pending proceeding, with certain exceptions inapplicable here. KRS 451.130; Trapp v. Aldridge, 67 S. W. 834, 23 Ky. Law Rep. 2430; Stokes v. Commonwealth, 286 Ky. 391, 150 S. W. (2d) 892. We do not find anywhere in the record any order retaining jurisdiction over that part of the judgment relating to the allowance of the fee of $300. It will be noted that it was only provided in the judgment of April 16, 1932, that the attorney should make no attempt to collect the fee for a period of one year and that he should notify the court when he did make that attempt. We are left entirely to conjecture as to the reason for attaching this condition. Whatever it was, the order was obeyed. It was nearly two years before the attorney made any such attempt and that was by asking the court to direct the issuance of an execution. His motion lay dormant for seven years longer and then the court not only overruled it but sua sponte undertook to set aside the judgment, which, by the way, had been allowed by another judge.

In support of this action the appellee submits that the judgment had been vacated on the plaintiff's motion by the order of September 30, 1932; hence, there was no basis for the later effort to collect the fee. That order only set aside "the judgment heretofore entered in this

case dismissing the petition of the plaintiff,'' and then proceeded to grant a divorce as prayed. The motion was by the plaintiff and manifestly related to the adverse portion. The grounds were that it was contrary to the evidence and the law. The attorney in whose favor the judgment went did not join in or make any motion. The allowance was not made to the plaintiff but to the attorney personally. It has long been held that the allowance to an attorney directly makes him a party in interest to the litigation, and if he has been allowed a fee to be taxed as cost, such part of the judgment cannot be vacated or modified unless he be treated as a party and on appeal to this court be expressly made so. Woford v. Woford, 267 Ky. 787, 103 S. W. (2d) 296, 297. In this new judgment of September 30, 1932, no reference was made to the allowance of a fee for plaintiff's attorney. Regardless of the fact that the court had denied the wife a divorce by the first order, he had properly allowed her attorney a fee, to be taxed as cost. KRS 453.120. The then chancellor did not regard the second order as vacating his allowance of the fee, for he later overruled the plaintiff's motion to allow him $1,000. His successor undertook to set it aside under a retained power which was nonexistent.

We are of opinion, therefore, that the court was without jurisdiction to set aside the judgment allowing the fee made on April 16, 1932 (Williams v. Williams, 107 Ky. 496, 54 S. W. 716), and that the appellants are entitled to processes of the court to collect the judgment.

Wherefore the motion for an appeal is sustained, the appeal granted and judgment reversed.