309 P.2d 790

**Fred Q. REED, Appellant,**

v.

**Elva L. REED, Appellee.**

No. 6015.

Supreme Court of Arizona.

April 9, 1957.

Stockton & Karam, Phoenix, for appellant.

Jack C. Cavness, Phoenix, for appellee.

FRED J. HYDER, Superior Court Judge.

This is an appeal from a judgment granting to appellee an absolute divorce and, among other things, dividing the parties' community property.

Shortly after judgment and prior to appeal, the appellant married one Doris Grimm. Appellee has moved to dismiss this appeal, urging that a party, by accepting a benefit under a judgment, in this case remarrying, precluded himself from subsequently appealing therefrom. This is the general rule, Gudelj v. Gudelj, 41 Cal. 2d 202, 259 P.2d 656, 2 Am.Jur., Appeal and Error, Section 214, p. 975. However, it has been also held that where a judgment contains separate provisions which are in their nature divisible, the acceptance of the benefits of a divisible part is not inconsistent with the prosecution of an appeal

from the remainder. This is true even where the notice of appeal is from the whole of the judgment. Goepel v. Kurtz Action Co., 216 N.Y. 343, 110 N.E. 769; Vaughan v. Wilson, 203 Or. 243, 273 P. 2d 991, 279 P.2d 521. In the instant case we are of the opinion that the provision in the judgment for a divorce is separable and divisible from the other parts and that, consequently, the appellant is not precluded from challenging the distribution of the community property. In this our conclusion is similar to Wigton v. Wigton, 73 Colo. 337, 216 P. 1055, 1057. Therein the court stated:

"Defendant in error contends that plaintiff in error, having married immediately after the decree became absolute, has lost his right to have the case reviewed. As has already been stated, this is a review only of the question of property interests. We are not, therefore, called upon to consider any matters concerning a divorce."

Accordingly, the motion to dismiss is denied.

■ Appellant contends that the trial judge was biased and prejudiced against him and that it is against public policy and reversible error for such a judge to act thereafter in the action. We are of the opinion that the general rule denying the right of a party to challenge a judgment under which he has accepted a benefit now precludes the appellant from questioning the action of the lower court because of the asserted bias and prejudice of the trial judge. Having remarried, and relying on that portion of the judgment decreeing a divorce and thereby accepting its benefits, he cannot attack the judgment as a whole. Obviously appellant cannot both renounce the judgment by attacking the power of the trial judge to enter any judgment whatsoever and at the same time enjoy the fruits thereof by changing his marital status in reliance thereon.

■ Appellant urges by his assignments of error 6 through 11 that the trial court abused its broad discretionary power in its division of the community property between the parties. The authority to divide community property is predicated on Section 27–805, A.C.A.1939, Section 25–318, A.R.S.1956, which provides in part:

"On entering a decree of divorce the court shall order such division of the property of the parties as to the court shall seem *just and right,* according to the rights of each party and their children, without compelling either party to divest himself or herself of the title to separate property. * * *" (Italics ours.)

We have said that the power of division of community property must not be exercised to the end that one party is re-

warded and the other is punished, Porter v. Porter, 67 Ariz. 273, 195 P.2d 132, and we have also said that on dissolution of the community by divorce the disposition must be one which in the absence of some reason requiring a contrary action is substantially equivalent in the parts received by each of the spouses, Schwartz v. Durham, 52 Ariz. 256, 80 P.2d 453, although there is no specific duty imposed on the trial court to make an equal division of the community property, Franklin v. Franklin, 75 Ariz. 151, 253 P.2d 337. A very broad discretionary power is conferred upon the trial court which will not be disturbed unless it appears that it has been abused, Honig v. Honig, 77 Ariz. 247, 269 P.2d 737.

The principal question raised by these assignments is an attack on the division of the community property as being inequitable and as unjustly favoring appellee. It appears that the community property primarily consisted of the following items: A two-thirds interest in a variety store in Springerville, Arizona, capable of producing a net income of between $700 and $1,000 a month; real estate on Jefferson Street in Phoenix, Arizona, in part leased to the Federal Government as a post office for $499.80 a month, encumbered by a mortgage of $20,000; a home in Phoenix, household furnishings, certain vacant lots, cash in various banks, insurance policies and other miscellaneous personal property

of uncertain value. The record is unsatisfactory in certain aspects relating to the value of some of the community assets. However, we are able to ascertain that the property awarded by the court to the appellee was of the value of approximately twice that of the property awarded to appellant, there being distributed to her property of the value of approximately $60,000 and to him property of the value of approximately $30,000. We note that all of the income-producing property, being the variety store and the post office property, was awarded to the wife.

We perhaps might not be inclined to divide the property in the same manner as the trial judge, still this does not of itself establish an abuse of discretion. Many factors of an intangible nature must necessarily have been weighed by the court below in arriving at a decision. A few are pointed out which may have been properly considered in this particular case. The court awarded a minimum amount as support for the two minor children, such being $50 a month for each child. Although the appellant was clearly the offending party and the cause of this divorce by reason of his intolerable conduct with another woman, no permanent alimony was awarded to the wife, appellee. Further, there are certain inferences suggested by and arising out of the evidence that appellant could not be depended upon to comply with a judgment directing support for his chil-

dren or awarding permanent alimony. For example, although appellant had large sums of money in his possession while this litigation was pending, in several instances he failed to comply with the order of the court directing payment of temporary support for appellee and the children, and in fact, was found in contempt of court by a judge other than the trial judge for his failure to comply with the order of the court in respect thereto. There is some evidence, which if believed, would indicate that appellant contemplated leaving the United States and going to South America and other evidence that appellant stated to appellee that he was not going to pay any more support checks. Moreover, appellant himself acknowledged that he had recently lost $3,000 gambling in Las Vegas, Nevada. While a two-to-one division of the community property would not ordinarily be considered by us as "substantially equivalent," we cannot say in the light of the record in this case that the trial court abused the broad discretionary power conferred by Section 27–805, supra.

· ■ Further error is asserted in that the court divided property the exact value of which is not disclosed in the record. It is true that there is no evidence to establish the value of the accounts receivable and the amount of cash in the bank to the account of the Mountaineer Variety Store, or cash on deposit in the Valley National Bank in the name of appellee, or cash and other property in appellant's possession or under his control. However, we are not persuaded that such action merits a reversal. The fault does not lie with the trial court. Certainly, the items complained of were known to exist by both parties at least prior to the close of the trial. They were referred to repeatedly by witnesses. That the appellant failed to adduce evidence of the value thereof is not to be blamed on the trial judge for the responsibility was not his. If appellant was dissatisfied with the state of the record, it was his duty to further enlighten the court. The sole duty of the judge was to use his best judgment under the circumstances. We are not impressed by a complaint that the trial judge was compelled to guess in order to arrive at a decision when his sole duty after both parties rested was to exercise his best judgment under the circumstances.

■ One further point will be noted. Long after the trial was concluded, then counsel for appellant requested and obtained an order from the court that L. G. Thompson, brother of appellee and manager of the variety store, submit a statement to the court of the assets and liabilities of the store. Three-and-a-half months later the final judgment was settled and approved without the submission of the statement as directed. No reason appears why this order was not complied with, nor does anything appear which would in-

dicate that appellant was, in fact, prejudiced thereby. Even had it been submitted, its obvious hearsay character would forbid its use as evidence of any fact material in this action.

For the foregoing reasons judgment of the court below is affirmed.

UDALL, C. J., and WINDES, STRUCKMEYER and LA PRADE, JJ., concur.

Justice PHELPS, having disqualified himself, the Hon. FRED J. HYDER, Judge of the Superior Court of Maricopa County, participated in his stead in the determination of this appeal.