498 P.2d 233

**Clara Lincoln WITHERSPOON, Appellant,**

v.

**James Howard WITHERSPOON, Appellee.**

**No. 2 CA–CIV 1121.**

Court of Appeals of Arizona, Division 2.

June 22, 1972.

Rehearing Denied July 20, 1972.

---

**392**

Mesch, Marquez & Rothschild by Douglas H. Clark, Jr., Tucson, for appellant.

No appearance for appellee.

KRUCKER, Chief Judge.

Plaintiff-wife and defendant-husband were married in Arizona in June, 1952, and have five children as issue of this marriage. At the time of their marriage the parties had virtually no property and all the property owned by the parties at the time of divorce was acquired during the marriage and none was acquired by gift, devise or bequest. The parties have always lived in Arizona.

On September 28, 1970, the divorce complaint was filed and defendant was temporarily restrained from disposing of any of the community property and on October 6, 1970, this order was made permanent.

The following was stipulated to at trial. On September 28, 1970, at the time the complaint was filed, the parties had the following savings account balances:

| | |
|---|---|
| Southern Arizona Bank | $2,603.68 |
| Tucson Federal Credit Union | 3,289.45 |
| First National Bank | 1,250.00 |

These accounts were only in defendant's name. On October 6, 1970, the Southern Arizona Bank balance was $2,658.68 and on April 8, 1971, the balance was $31.30. Withdrawals from the Tucson Federal Credit Union account consisted of $1,789.00 on October 6, 1970, $1,000 on October 26, 1970, and $495.45 on November 17, 1970, leaving a balance on April 15, 1971 of $5.-15. The First National Bank account had a balance of $1,303.70 on October 6, 1970, from which a subsequent withdrawal of $1,300 was made on November 3, 1970.

On January 7, 1971, the court found the defendant had withdrawn the above-mentioned funds in violation of the court's order of October 6, 1970 and adjudged him in contempt of court.

The parties in addition to the savings mentioned above accumulated the following real property;

| Description | Encumbrance as of 4/15/71 | Appraisal Value as of 4/15/71 |
|---|---|---|
| 1700 S. Park | $ 2,128.21 | $ 9,850.00 |
| 516 E. Lester | 4,734.31 | 22,500.00 |
| 1131 E. Linden | 4,564.78 | 11,000.00 |
| 1709 S. Cherry | -- | 2,750.00 |
| 1604 S. Highland | 3,328.67 | 6,000.00 |
| Lot Euclid & 38th | -- | 1,100.00 |
| Lot Park & 24th | -- | 2,500.00 |

Also, the defendant had two checking accounts: one with Southern Arizona Bank having a balance of $176.12 on September 28, 1970, and a balance of $109.30 on April 1, 1971, and one with First National Bank having a balance of $1,302.19 on September 28, 1970, $503.09 on October 6, 1970, and $2.07 on April 12, 1970. The parties also had a savings account at Tucson Federal Savings with a balance of $803.40 as of April 15, 1971. Further, the parties owned a mortgage in the amount of $725.00 on September 28, 1970, which was paid off and fully settled for the amount of $600.00 contrary to the court's order of October 6, 1970, and without plaintiff's approval as defendant forged her signature. A $10,000 certificate of deposit with Tucson Federal Savings was also owned by the parties.

A life insurance policy on the defendant's life had a cash surrender value of approximately $2,500.

There were no community debts shown except the mortgages and some small items amounting to less than $300.00.

The parties also owned the following personal property:

| Description | Encumbrance | Value |
|---|---|---|
| 1965 Mustang | -- | $ 750.00 |
| 1959 Triumph | -- | 150.00 |
| 1956 Ford Truck | -- | 100.00 |
| 1968 Cadillac | $ 2,004.57 | 3,200–3,300.00 |
| Household furnishings and appliances | 500.00 | 2,500–3,000.00 |
| Silverware, China and Crystal | -- | 750.00 |
| Beauty Shop Equipment | -- | 750.00 |
| Beauty Shop Goodwill | -- | 3,000–4,000.00 |

The plaintiff did not have possession of any of the property except the 1965 Mustang, the certificate of deposit, and one set of silverware.

The plaintiff was awarded in paragraph 5 of the judgment as her separate property and in lieu of alimony and as a reasonable distribution of the assets the one set of silver, the 1965 Mustang, the certificate of deposit in the amount of $10,000, her personal effects and the two vacant lots referred to as "Euclid and 38th" and "Park and 24th Street." Defendant was awarded in paragraph 6 of the judgment all the other property and assets.

Plaintiff has appealed only from the property division as set out in paragraphs five and six of the judgment, contending that the trial court abused its discretion in the inequitable distribution of the property.

■ The defendant has not filed an answering brief in opposition to the plaintiff's opening brief. The failure to file an answering brief constitutes a confession of reversible error if the reasons presented for reversal are debatable, and it is our duty to determine whether these are debatable. Air East, Inc. v. Wheatley, 14 Ariz. App. 290, 482 P.2d 899 (1971).

■ The trial court has wide discretion in the division of community property at the time of divorce. Reed v. Reed, 82 Ariz. 168, 309 P.2d 790 (1957); Wine v. Wine, 14 Ariz.App. 103, 480 P.2d 1020 (1971). It is not required to divide the property evenly upon divorce, as long as it does not appear that the disposition is unfair or inequitable. Armer v. Armer, 105 Ariz. 284, 463 P.2d 818 (1970); Mc-Clennen v. McClennen, 11 Ariz.App. 395, 464 P.2d 982 (1970).

In reviewing the record before us, we find a conservative estimate of the value of the community property of the parties on September 28, 1970 was approximately $90,000. Subtracting mortgages and community debts of $17,500, the net worth of the community amounted to $72,500.

■ The plaintiff-wife was awarded the certificate of deposit worth $10,000, the 1965 Mustang valued at $750, all of her personal effects and those of the two minor children in her custody, and two vacant lots appraised at $1,100 and $2,500, totalling $14,500 in value. Thus, of the $72,500 net worth, property valued at $58,000 was awarded to the husband. In the face of this apparent 4 to 1 disparity, we find the language of the court in *Reed*, supra, appropriate:

"We have said that the power of division of community property must not be exercised to the end that one party is rewarded and the other is punished, Porter v. Porter, 67 Ariz. 273, 195 P.2d 132, and we have also said that *on dissolution of the community by divorce the disposition must be one which in the absence of some reason requiring a contrary action is substantially equivalent in the parts received by each of the spouses,* Schwartz v. Durham, 52 Ariz. 256, 80 P.2d 453, although there is no specific duty imposed on the trial court to make an equal division of the community property, Franklin v. Franklin, 75 Ariz. 151, 253 P.2d 337 . . . ." (Emphasis added) 82 Ariz. at 170–171, 309 P.2d at 792.

Our review of the record leads us to conclude that a debatable issue exists as to the property division, requiring application of the "confession of reversible error" principle.

The case is reversed and remanded for further proceedings not inconsistent with this opinion.

HOWARD and HATHAWAY, JJ., concur.