613 P.2d 289

Edward C. THOMPSON,
Petitioner/Appellant,

v.

Mary L. THOMPSON,
Respondent/Appellee,

and

Aboud & Aboud, Intervenor/Appellee.

No. 2 CA–CIV 3340.

Court of Appeals of Arizona,
Division 2.

March 11, 1980.

Supplemental Opinion on Motion for
Rehearing April 16, 1980.

Rehearing Denied May 21, 1980.

Review Denied June 17, 1980.

**130**

Bernard Weinstein, Tucson, for petitioner/appellant.

Aboud & Aboud by John Eli Aboud, Tucson, in pro. per.

## OPINION

**HATHAWAY, Chief Judge.**

■ A post-dissolution order is the subject of this appeal. Mrs. Thompson, who prevailed below, has filed no answering brief. However, we have granted her attorneys' request to intervene to protect their award of attorneys' fees.[1]

■ The threshold question is whether the former Mrs. Thompson, by failing to file an answering brief, has confessed error. It is well settled that where debatable issues are presented, an appellee's failure to file an answering brief constitutes a confession of reversible error. *Beck v. Beck*, 9 Ariz. App. 77, 449 P.2d 313 (1969); *Witherspoon v. Witherspoon*, 17 Ariz.App. 391, 498 P.2d 233 (1972).[2]

Appellant contends that the trial court erred when it attempted to reclassify "the original award of spousal maintenance" in the divorce decree to that of a property right in appellant's military retirement pay, erred in the calculation of arrearages owed by him to his former spouse, erred in requiring him to execute and deliver an allotment of his military retirement pay to her and erred in the award of attorneys' fees to her attorneys.

The parties were divorced in 1977. A major issue in the dissolution proceeding was the respective rights of the parties in appellant's Navy retirement benefits. The parties stipulated " * * * the Court shall base its decision on and divide that asset as if it were property but that the award shall be couched in terms of an award of spousal maintenance." The decree recited, "That the petitioner shall be awarded as his sole and separate property . . . his military retirement pension rights, except that portion of which is awarded to the respondent as spousal maintenance . . ." It further recited, "As and for spousal maintenance, the petitioner shall pay to respondent ½ times 143 divided by 241 (said numerator represents the number of months the parties lived in community property states during the military service of the petitioner of 241 months) . . ."

---

1. A.R.S. Sec. 25–324 authorizes the court to order payment of attorneys fees directly to the attorney, who may enforce the order in his name, with the same force and effect and in a same manner, as if the order had been made on behalf of any party to the action. Where, as here, the judgment awards attorneys' fees directly to the attorney, he is the party in interest to the litigation and where disallowance of attorneys' fees is sought on appeal, it is appropri-ate to make him an appellee. *Hutchinson v. Hutchinson*, 293 Ky. 270, 168 S.W.2d 738 (1943).

2. As no attorney-client relationship exists between Mrs. Thompson and her former attorney, we decline to consider the arguments presented on her behalf. These issues are addressed by counsel only for the purpose of defending the award of attorneys' fees.

The decree awarded Mrs. Thompson judgment in the amount of $1,355.20 for spousal maintenance arrearages as of February 24, 1977, and the appellee/law firm was awarded judgment against appellant in the sum of $1,800 for partial attorneys' fees and $32.30 for costs. The "spousal maintenance" was to be paid for a period of 121 months and the payments were to be paid to the clerk of the court. When the first payment became due, Mrs. Thompson had remarried.

Approximately five months after the dissolution decree was entered, during which period Mrs. Thompson and her attorneys garnished appellant's wages and Navy retirement pay to collect the judgment for arrearages and attorneys' fees, appellant and his new wife filed a petition in bankruptcy. His former wife and her attorneys opposed discharge of the amounts due them pursuant to the decree of dissolution on the ground that they were, or were in the nature of, alimony due or to become due. The bankruptcy judge found the award of 30% of the military retirement pension benefits to Mrs. Thompson was "in the nature of a contract right" and was not dischargeable. He did, however, find that the award to the attorneys was a dischargeable debt under the Bankruptcy Act. Both parties appealed to the United States District Court. The court upheld the ruling in favor of Mrs. Thompson and also ruled that the judgment in favor of the attorneys was in the nature of alimony and therefore undischargeable in bankruptcy. The district court expressly found that the amounts due to Mrs. Thompson were in the nature of alimony and stated:

"[E]ven looking behind the decree, it is obvious that the parties and the Court intended that in return for Mrs. Thompson giving up her vested right or interest in the accrued retirement benefits, she was to receive spousal maintenance." (U. S. District Court Order dated 9/22/78)

Mrs. Thompson then commenced contempt proceedings in superior court to enforce the spousal maintenance and attorneys' fees provisions of the dissolution decree. Appellant's defense was that Mrs. Thompson's remarriage terminated his obligation to pay spousal maintenance as of the date of her marriage. He also filed a petition for an order to show cause why his obligation to pay spousal maintenance should not be terminated. It was stipulated that May 23, 1977, was the remarriage date of Mrs. Thompson. Extensive testimony was presented, including that of appellant's prior attorney as to the circumstances of the parties' stipulation concerning the military pension benefits. The substance of his testimony was that the parties had agreed that the pension was a community asset but wanted Mrs. Thompson's interest in the pension to be characterized as spousal maintenance rather than property so that she would be able to garnish the pension and appellant would have tax advantages.[3]

The trial court ruled that the award of a 30% interest in appellant's pension was called spousal maintenance in the dissolution decree only because of the parties' stipulation and that since it was merely called spousal maintenance and was really a division of property, Mrs. Thompson's remarriage did not terminate appellant's obligation to pay maintenance. Under A.R.S. Sec. 25–327(B), remarriage of the party receiving maintenance terminates the obligation to pay future maintenance unless the parties otherwise agree in writing or the dissolution decree expressly so provides.

 Our review of the entire record, including that in the bankruptcy proceedings, leads us to conclude that a debatable question is presented as to the application of the doctrine of judicial estoppel. The essence of the doctrine is that one who has obtained judicial relief by asserting one position, cannot subsequently assume an inconsistent position with reference to the same matter in another judicial proceeding.

---

3. The record is replete with instances of Mrs. Thompson's utilizing garnishment to collect arrearages.

*Colonia Verde Homeowners Association v. Kaufman,* 122 Ariz. 574, 596 P.2d 712 (App. 1979). Mrs. Thompson bargained for spousal maintenance in order to be able to avail herself of garnishment remedies. She repeatedly utilized garnishment to collect the arrearages awarded in the dissolution decree. Her position in the bankruptcy proceedings essentially was that appellant's obligation to her was not dischargeable as it was alimony or in the nature of alimony. She succeeded as did her attorneys concerning their fees. We cannot say as a matter of law that the rule of judicial estoppel has no application here, therefore a debatable issue exists requiring that we treat Mrs. Thompson's failure to defend the ruling as to spousal maintenance as a confession of reversible error.

The "confession of error" rule also applies to the allowance of arrearages of $1,050. A debatable question is presented as to whether accrued arrearages under an order for temporary support are enforceable after entry of the final decree when the decree makes no reference to the delinquent payments. See *Furgason v. Furgason,* 1 Wash. App. 859, 465 P.2d 187 (1970); 24 Am. Jur.2d, Divorce and Separation, Sec. 560; Annot., 154 A.L.R. 530.

■ We find no error as to the amount allowed appellant as a set off against the arrearages. The trial court correctly ruled that he could not claim certain assets which had not been listed in his bankruptcy schedule and that, as to his payments of prior years' income taxes, he had only proved payment of $341.

■ The judgment directed appellant to pay to Mrs. Thompson's attorneys for services in the bankruptcy proceedings and in the post-decree matters in superior court an additional sum of $6,760 plus the prior judgment for attorneys' fees and costs in the sum of $1,832.30, which remained unpaid, for a total amount of $8,582.30. A.R.S. Sec. 25–324 provides in pertinent part:

> "The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount to the other party for the costs and expenses of *maintaining or defending any proceeding under this chapter.*" (Emphasis added)

The only evidence of attorneys' fees was counsel's avowal to the court that since entry of the dissolution decree he had spent 123.34 hours representing Mrs. Thompson in bankruptcy court and collection proceedings and about 10 hours in these show cause proceedings, at the rate of $50 per hour.

We are of the opinion that A.R.S. Sec. 25–324 is explicit as to the allowance of attorneys fees—they apply only to maintaining or defending proceedings under Title 25, Chapter 3. The only evidence as to Title 25 proceedings was the expenditure of approximately 10 hours and therefore the trial court should have allowed only $500 for attorneys' fees.

For the foregoing reasons, the judgment is set aside and the cause remanded with directions to enter an appropriate judgment in conformity with this opinion decreeing that spousal maintenance terminated as of May 23, 1977, and deleting all amounts due Mrs. Thompson in paragraph 10, except $1,355.20 plus interest thereon, from May 19, 1977. The net arrearages due Mrs. Thompson, if any, shall be adjusted accordingly. The judgment in favor of appellee/attorneys against appellant for reasonable attorneys' fees is reduced to the sum of $500 plus the prior unpaid judgment for attorneys' fees and costs in the sum of $1,832.30, totaling $2,332.30. The order directing appellant to execute and deliver an allotment payable to his former wife for a portion of appellant's gross military retirement and disability pension shall be stricken.

HOWARD and RICHMOND, JJ., concur.

## SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

HATHAWAY, Chief Judge.

On motion for rehearing, the intervenor-appellee urges reconsideration of that portion of our decision pertaining to attorneys' fees. We adhere to our opinion that A.R.S.

Sec. 25–324 as to the allowance of such fees applies only to proceedings under Title 25, Chapter 3. However, the record is not clear as to what portion of the total hours expended by counsel in representing Mrs. Thompson is attributable to the show cause proceedings under Title 25. Because of the unusual circumstances in this appeal, we deem it appropriate to remand the issue of attorneys' fees for determination by the trial court.

We adhere to our disposition of this appeal in all respects except as to modification of the judgment for attorneys' fees. That portion of the judgment is set aside and the matter remanded for determination by the trial court of the amount of fees to be allowed for the show cause proceedings. Judgment in favor of appellee/attorneys in such amount plus the prior unpaid judgment for attorneys' fees and costs in the sum of $1,832.30 shall be entered against appellant.

HOWARD and RICHMOND, JJ., concur.