741 P.2d 317

**In the Matter of GUARDIANSHIP OF Gabriela Rosie CRUZ, a Minor Child.**

**Appeal of Francisca MORALES, Petitioner.**

**No. 2 CA–CV 87–0044.**

Court of Appeals of Arizona, Division 2, Department A.

June 30, 1987.

Southern Arizona Legal Aid, Inc. by William E. Morris, Tucson, for petitioner/appellant.

DeConcini, McDonald, Brammer, Yetwin, Lacy and Zimmerman, P.C. by Karen J. Nygaard, Tucson, for amicus curiae Nogales Unified School Dist.

### OPINION

HOWARD, Presiding Judge.

■ This is an appeal from the denial of a guardianship petition. There was no an-

swering brief filed by the trial court, and where an appellant raises debatable issues, the appellee's failure to file an answering brief constitutes reversible error. *Thompson v. Thompson,* 126 Ariz. 129, 613 P.2d 289 (App.1980). We did, however, allow the Nogales Unified School District to file an amicus curiae brief, although it did not intervene below. The issue here is undoubtedly debatable, but, due to the statewide impact of this case, we shall address the merits rather than treating the appellee's failure to answer as a confession of error.

Appellant Francisca Morales sought appointment as guardian of her niece, Gabriela Rosie Cruz. Cruz is a minor child, born in Phoenix, Arizona in 1975. She lived with her parents in Agua Prieta, Sonora, Mexico, until September 1986, when her parents sent her to live with her aunt in Nogales, Arizona. Cruz' parents apparently were unable to provide her with an adequate education in Mexico, and they have given written consent to Morales' appointment as guardian. Morales enrolled Cruz in a public school in Nogales, and the school requested that Morales obtain a guardianship for Cruz.

Morales stated to the court that she wants to be Cruz' guardian so that she will be able to consent to any medical treatment Cruz may need, and because the school told her that a guardianship was necessary. The trial judge heard the testimony of Morales and closing remarks from her attorney. He made findings, inter alia, that (1) jurisdiction and venue were proper; (2) the petitioner complied with the required notice provisions; (3) the parental rights of custody have been suspended by circumstances; and (4) the minor's best interests would be served by appointment of Morales as guardian, and Morales is qualified to serve as guardian. He nevertheless denied the petition. The basis of his denial was his opinion that Cruz was brought to her aunt's solely for the purpose of receiving an education, and that granting the petition would allow the avoidance of payment of out-of-district tuition. We reverse.

Whether the school district can charge tuition in this case is not an issue. That is another matter which depends on whether the district challenges the minor's residency. The only issue here is whether the trial court could refuse to appoint a guardian under the circumstances presented.

The statutes that resolve this matter are A.R.S. §§ 14–5204 and 14–5207. They state, in pertinent part:

§ 14–5204.

"The court may appoint a guardian for an unmarried minor if all parental rights of custody have been terminated or suspended by circumstances or prior court order...."

§ 14–5207.

"B. Upon hearing, if the court finds that a qualified person seeks appointment, venue is proper, the required notices have been given, the requirements of § 14–5204 have been met and the welfare and best interests of the minor will be served by the requested appointment, it *shall* make the appointment. In other cases the court may dismiss the proceedings or make any other disposition of the matter that will best serve the interests of the minor." (Emphasis added.)

In its amicus brief the school district contends that the language of A.R.S. § 14–5207 is not mandatory. The district claims that § 14–5204, read together with § 14–5207, makes the matter of appointment of a guardian discretionary, and that the judge exercised his discretion in denying the petition.

We believe the language of A.R.S. § 14–5207 is mandatory. Although the word "shall" has been construed as permissive, it usually indicates a mandatory provision. *Arizona Downs v. Arizona Horsemen's Found.,* 130 Ariz. 550, 637 P.2d 1053 (1981). The statute contains a provision allowing the court to exercise discretion "in other cases," that is, where the statutory requirements have not been met. Where both mandatory and directory verbs are used in the same paragraph of a statute, it is fair to infer that the legislature acknowledged the difference and intended each verb to carry its ordinary meaning. 2A Sutherland, Statutory Construction § 57.11, at 665 (rev. 4th ed. 1984). Once

**186**

the trial judge made the findings required under § 14–5207 he did not have the discretion to deny the petition.

■ A careful reading of the two sections leads us to the conclusion that the word "may" as used in § 14–5204 is related to that portion of § 14–5207(B) which refers to "in other cases." In other words, if the trial judge makes a finding that all parental rights of custody have been terminated or suspended, but the other requirements of § 14–5207 are not present, the court has discretion in the appointment of a guardian. The mandatory "shall" in § 14–5207(B) would be rendered meaningless if we adopt the district's interpretation.

■ Perhaps the greatest error was the court's denial of the petition on the basis of school district tuition consideration, after its finding that appointment of a guardian would be in the child's best interest. The court's primary consideration must be the best interests of the child. A.R.S. § 14–5206; *Galbraith v. Galbraith*, 88 Ariz. 358, 356 P.2d 1023 (1960); *In re Farson's Estate*, 77 Ariz. 196, 269 P.2d 600 (1954); *Harper v. Tipple*, 21 Ariz. 41, 184 P. 1005 (1919); *In re Thelen's Estate*, 9 Ariz.App. 157, 450 P.2d 123 (1969). Although the parents' desires may be considered, *Harper v. Tipple*, supra, nowhere do the statutes or caselaw suggest that a school district's interest in the payment or nonpayment of tuition may be paramount to the child's best interest. The trial court abused its discretion by even considering the school district's tuition concerns. The district has a statutory remedy, under A.R.S. § 15–823 and § 15–824(B)(2), under which it may challenge the child's residency regardless of a guardianship determination.

Reversed and remanded with directions to enter an order appointing the petitioner guardian of the minor Cruz.

HATHAWAY, C.J., and FERNANDEZ, J., concur.