NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ELBRIDGE GERRY WALKER, *Petitioner/Appellee*,

*v.*

SVITLANA IGORIVNA SINIKOVA, *Respondent/Appellant*.

No. 1 CA-CV 15-0174 FC
FILED 1-26-2016

Appeal from the Superior Court in Maricopa County
No. FC2009-001211
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Berkshire Law Office, PLLC, Phoenix
By Keith Berkshire and Maxwell Mahoney
*Counsel for Petitioner/Appellee*

Burt, Feldman & Grenier, Scottsdale
By Sandra Burt
*Co-Counsel for Respondent/Appellant*

Melinda K. Cekander PLLC, Heron, MT
By Melinda K. Cekander
*Co-Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Lawrence F. Winthrop joined.

---

**K E S S L E R**, Judge:

¶1 Svitlana Igorivna Sinikova ("Mother") appeals the family court's dismissal of her Expedited Petition for Modification of Parenting Time and Child Custody ("Expedited Petition") and its subsequent denial of her motion for new trial. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 In February 2014, the family court entered stipulated orders pursuant to the agreements made between Mother and Elbridge Gerry Walker ("Father") pertaining to legal decision making, parenting time, and related matters for their two children ("Stipulated February Order"). The Stipulated February Order required both parents to drug test for twelve consecutive months, Mother for alcohol and Father for THC, and provided that a positive, diluted, or missed test "may be considered an admission by the party that the testing . . . would have revealed the use of the substance(s) tested for, which finding is contrary to the best interest of a child." The court later entered an order appointing a parenting coordinator and precluded either party from filing "any petitions regarding parenting time, or enforcement of the Court's various parenting orders" before first consulting with the Parenting Coordinator, "unless there is an emergency related to the child's health, safety and welfare." The court also held that if the issue could not be resolved by the Parenting Coordinator, the party who wants to file a petition shall file a separate certification about consulting with the Parenting Coordinator, the date and outcome of the consultation, and that any "motion/petition filed without this separate certification will be automatically denied."

¶3 In October 2014, Mother filed the Expedited Petition pursuant to Arizona Revised Statutes ("A.R.S.") sections 25-411 (Supp. 2015) and 25-

403.04 (Supp. 2015)[1] seeking exclusive legal decision-making authority and to modify parenting time such that Father cannot have unsupervised visitation. The Expedited Petition asserted Father's failure to THC test in Arizona during July 2014, his obtaining a medical marijuana card,[2] and his ongoing marijuana use, were exigent circumstances warranting a modification of the Stipulated February Order less than one year later and showed the children were "drug-endangered." *See* A.R.S. § 25-411(A) ("A person shall not make a motion to modify a legal decision-making or parenting time decree earlier than one year after its date, unless . . . there is reason to believe the child's present environment may seriously endanger the child's physical, mental, moral or emotional health."). Mother claimed that she did not first seek alternative dispute resolution ("ADR") as required because of these exigent circumstances and because the "likelihood of the parties reaching an agreement at mediation is nil."

¶4 Mother maintained Father was trying to "subvert his drug problem by obtaining a medical marijuana card. . . . [and that] Father has a serious and documented drug problem" which constitutes exigent circumstances to modify the Stipulated February Order because the order failed to protect the children. Mother also maintained that because Father has "abused drugs within 12 months before [the instant Expedited Petition]

---

[1] We cite the current version of applicable statutes unless revisions material to this decision have occurred since the events in question.

[2] In September 2014, Father disclosed to the family court and Mother that he obtained a medical marijuana card.

was filed, there is a rebuttable presumption that . . . legal decision-making by [Father] is not in the children's best interest." *See* A.R.S. § 25-403.04(A).[3]

**¶5** Father filed a motion to dismiss arguing the Expedited Petition: was not preceded by required ADR efforts, *see* Ariz. R. Fam. Law P. 91(O); nor compliant with verification requirements and proof of exigent circumstances; and did not contain detailed facts showing Father was endangering the children as required by A.R.S. § 25-411(A), (L). Father noted that the Parenting Coordinator's report did not treat the issue of his medical marijuana card or use as exigent circumstances that endangered the children and required action.

**¶6** In response, Mother asserted she cured the Expedited Petition's verification defects by filing a notarized verification of the Expedited Petition, and that "the dangers to the children, previously recognized by [previous parent coordinators] . . . are immediate."[4] She also asserted that Father has not established that he has a debilitating medical

---

[3] Section 25-403.04(A) provides in relevant part:

> If the court determines that a parent has abused drugs . . . within twelve months before the petition or the request for legal decision-making or parenting time is filed, there is a rebuttable presumption that . . . legal decision-making by that parent is not in the child's best interests.

The family court considered the parents' drug use at the time of the Stipulated February Order, and ordered drug testing, but did not find "abuse" for purposes of the application of section 25-403.04(A). Even applying the presumption here, it is rebuttable, and thus, to the extent it is applicable, we presume the family court considered it. *See Hart v. Hart*, 220 Ariz. 183, 188, ¶ 18 (App. 2009) (stating that in the absence of record evidence to the contrary, trial judges are presumed to know and correctly apply the law).

[4] In reply, Father noted that any alleged concerns of the prior parenting coordinators were years old and previously considered by the family court because they predated the Stipulated February Order including the present custody status to which Mother agreed.

condition that qualifies him as a medical marijuana patient.[5]    She maintained that these facts warranted an evidentiary hearing "to determine the best interests of the children following [Father's] unilateral request for and receipt of a medical marijuana card."

¶7          While the Expedited Petition and motion to dismiss were pending, the Parenting Coordinator filed her report.  In that report, the Parenting Coordinator acknowledged the basis for the Expedited Petition, Father's THC testing and medical marijuana card, and stated:

>       It is not unreasonable that Mother is hyper-focused on Father's [THC] testing and the fact that Father has not been compliant with [court-ordered] testing. . . . The [Parenting Coordinator] was, however, provided with Father's medical marijuana card . . . .  As Father tests solely for THC, testing [is] now meaningless as Father acknowledges that his tests will be positive . . . .  Father denies use of marijuana during parenting time . . . .  Mother has not given the [Parenting

---

[5]Mother also posited that Father should have to file a petition with the family court asking that the drug testing requirement be removed.  She asserted, in such case, she would have been provided with Father's medical records which she has been unable to obtain, and had him participate in an independent medical exam to prove he needs medical marijuana.  On appeal, Mother argues that she should be allowed to view Father's medical records, provide them to her own expert, depose the doctor that prescribed the medical marijuana card to Father, and test the validity of the assertion that Father needs marijuana for medical purposes.  She argues that this is appropriate because Father placed his medical need at issue by "unilaterally obtaining the Card and using it to avoid complying with the [family] court's orders."

Mother relies on A.R.S. § 36-2811(A)(2) (2014), part of the Arizona Medical Marijuana Act, which provides that Father's lawful medical use of marijuana is subject to a rebuttable presumption.  That the presumption may be rebutted does not pave the way for a free-wheeling inquiry into the matter, nor permit Mother to utilize the family court process to gather evidence in an attempt to rebut the presumption.  Mother raised the Arizona Medical Marijuana Act argument in her pleadings for the court to consider.  *See Hart*, 220 Ariz. at 188, ¶ 18 (stating that in the absence of record evidence to the contrary, trial judges are presumed to know and correctly apply the law).

Coordinator] examples or proof of any effect of substance abuse, marijuana or otherwise, on Father's parenting abilities.

**¶8** The family court dismissed Mother's Expedited Petition because Mother failed to comply with requisite verifications pursuant to A.R.S. § 25-411 and Arizona Rule of Family Law Procedure 91(D), failed to establish exigent circumstances warranting a modification earlier than one year after the Stipulated February Order, *see* A.R.S. § 25-411(A), and in the absence of exigent circumstances failed to pursue required ADR prior to filing the Expedited Petition. The court ordered that neither parent be under the influence of drugs or alcohol during parenting time, and relieved Father from "prevailing orders for" THC testing "during periods of time in which he has provided this Court (in advance) with proof of a valid medical marijuana card."

**¶9** After the family court denied Mother's motion for new trial, Mother timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2) (special order after final judgment), (A)(5)(a) (order denying new trial) (Supp. 2015). *See In re Marriage of Dorman*, 198 Ariz. 298, 300-01, ¶¶ 3-4 (App. 2000) ("To be appealable, a special order after judgment must raise different issues than those that would be raised by appealing the underlying judgment; it must affect the underlying judgment, relate to its enforcement, or stay its execution; and it must not be merely preparatory to a later proceeding that might affect the judgment or its enforcement." (internal quotation marks and citation omitted)).[6]

## DISCUSSION

**¶10** The family court has wide discretion in determining whether there is adequate cause for a custody modification hearing, and as such, we review its decision to dismiss the Expedited Petition without a hearing for an abuse of discretion. *See Pridgeon v. Superior Court,* 134 Ariz. 177, 179 (1982); *Siegert v. Siegert,* 133 Ariz. 31, 33 (App. 1982) (determining court did not abuse its discretion by denying a hearing and explaining trial court has "necessarily wide discretion" to determine whether there is adequate cause for a hearing and that appellate court will only reverse if "no reasonable judge would have denied the petition without a hearing").

---

[6] Father moved to dismiss the appeal as moot just days before oral argument. We disagree that the appeal is moot and deny his motion.

**I.     The family court did not abuse its discretion by dismissing the Expedited Petition to modify parenting time and legal decision-making without an evidentiary hearing.**

¶11         Mother argues that we should vacate the family court's dismissal of her Expedited Petition and remand with instructions to allow discovery and an evidentiary hearing.   The essence of Mother's argument is that because Father violated "a [family] court's order [concerning drug testing] expressly adopted for the best interests of the children, a petition to modify parenting time satisfies the requirement of A.R.S. § 25-411 and [Arizona Rule of Family Law Procedure] 91, as a matter of law, and the [family] court is *required* to set an evidentiary hearing."   (Emphasis added.) We disagree.

¶12         Mother's Expedited Petition did not meet the requirements of A.R.S. § 25-411.   To the extent she requested a change in parenting time within one year of the Stipulated February Order, she had to submit affidavits to show "the child's present environment may seriously endanger the child's physical, mental, moral or emotional health."   A.R.S. § 25-411(A).   Although that same time line does not apply to petitions to modify legal decision-making orders on the allegation that the order was violated, a petition to modify legal decision-making orders must comply with all of the requirements of A.R.S. § 25-411, *id.*, or it will be subject to automatic denial without a hearing.   A.R.S. § 25-411(L) (requiring petitions seeking to modify legal decision-making and parenting time be supported with affidavits or verification including "detailed facts" and providing court "shall deny" the motion unless the pleadings establish adequate cause for a hearing); Ariz. R. Fam. Law P. 91(D)(1)(a) (mandating a petition to modify custody be "either verified by the moving party or supported by the requisite affidavit(s) pursuant to A.R.S. § 25-411"); Ariz. R. Fam. Law P. 91(F)(1)(b) (seeking modification to order supervised parenting time requires "a statement in the petition detailing facts as to why unrestricted parenting time would seriously endanger the child's physical, mental, moral, or emotional health"); Ariz. R. Fam. Law P. 91(D) (providing "[n]o hearing for modification of a child custody order or decree shall be set unless there is compliance with A.R.S. § 25-411 . . . ."); *see also* Ariz. R. Fam. Law P. 91(D)(6) (granting family court discretion "without argument or hearing" to "determine whether a custody hearing should be granted"); *DePasquale v. Superior Court*, 181 Ariz. 333, 335 (App. 1995) ("[T]he trial court must screen the petition and supporting affidavits to decide whether they state adequate grounds to subject the parties to a full hearing. . . . The statute requires no hearing at the screening stage . . . .").

**¶13**        Mother's pleadings did not establish the children's health was seriously endangered or detailed facts to support a need for an evidentiary hearing such that we can say the family court abused its discretion by dismissing the Expedited Petition without a hearing.  The Expedited Petition for modification of legal decision-making and for restricted supervised parenting time was made less than one year after the Stipulated February Order to which Mother agreed.  Even assuming Mother corrected the lack of any verification of the facts alleged in the Expedited Petition, the petition was pursued entirely based on Father's failure to THC test and obtaining a medical marijuana card, but not supported by "detailed facts" substantiating Mother's belief and/or detailing how the children were endangered based on these new actions.  *See* A.R.S. § 25-411(A) (restricting petitions to modify legal decision-making within a year of previous orders to those based on belief that child's environment may seriously endanger the child's health); A.R.S. § 25-411(J) (restriction of parenting time rights requires court to find "parenting time would endanger seriously the child's physical, mental, moral or emotional health"); Ariz. R. Fam. Law P. 91(F)(1)(b) (seeking modification to order supervised parenting time requires "a statement in the petition detailing facts as to why unrestricted parenting time would seriously endanger the child's physical, mental, moral, or emotional health").

**¶14**        As the Parenting Coordinator observed, Mother has not presented any detailed facts that illustrate endangerment or examples of incidents or circumstances to substantiate her belief that the health of the children was seriously endangered.[7]  The family court considered Mother's

_____

[7] Mother generally contended Father's medical marijuana use had "obvious negative effects" on the children, who at a minimum should not be exposed to second-hand smoke and subjected to potentially inattentive parents that expose children to danger.  Mother also asserted that the court could "take judicial notice that a parent who is impaired cannot effectively parent their children."  To the extent Mother has asserted any example of actions alleged to substantiate endangerment or opinions suggesting the same, such incidents and opinions occurred prior to the Stipulated February Order and were previously considered by the family court and parties when crafting the agreed upon parenting time and legal decision-making arrangements at that time.  Moreover, in its order dismissing the Expedited Petition, the court vacated the provision of the Stipulated Order requiring Father to undergo THC testing during the times he had provided the court with current medical marijuana cards and confirmed that Father cannot be under the influence of marijuana during parenting time with the children.

assertions and evidence, the existing evidence, Father's new actions, and the Parenting Coordinator's report, and it determined there was not adequate cause for a hearing or modification based on serious endangerment to the children. *See Pridgeon*, 134 Ariz. at 180 (stating court may consider new circumstance in relation to prior circumstances "in determining whether adequate cause for a hearing has been established"). The court did not abuse its discretion by determining, based on the pleadings, that the children were not seriously endangered by the actions alleged and by dismissing the Expedited Petition.

¶15 It appears, as Mother asserts, that Father was not in strict compliance with the Stipulated February Order, however, that does not on its own, establish serious endangerment necessary to bring a petition to change legal decision-making less than one year after the last order, *see* A.R.S. § 25-411(A), or to seek an order requiring restricted/supervised parenting time, *see* A.R.S. § 25-411(J); Ariz. R. Fam. Law P. 91(F)(1)(b).

¶16 In addition, the court did not abuse its discretion in dismissing the Expedited Petition because Mother failed to pursue mediation with the Parenting Coordinator. The only way Mother could avoid that requirement was to meet the requirement of the order appointing the Parenting Coordinator that "there is an emergency related to the child's health, safety and welfare." As that order also provided, if the issue could not be resolved by the Parenting Coordinator, the party who wants to file a petition must file a certification about the consultation with the Parenting Coordinator or the petition would be automatically denied. As reflected in the Parenting Coordinator's report, although Mother raised the issue of Father's medical marijuana card, she did not provide "examples or proof of any effect of substance abuse, marijuana or otherwise, on Father's parenting abilities." Just because Mother unilaterally concluded that mediation would be futile, does not mean the family court abused its discretion by finding that this consultation was insufficient to meet statutory requirements and the court's prevailing orders. A parent cannot avoid court-ordered mediation simply by refusing to provide facts to the parenting coordinator or to reasonably cooperate with such mediation. *See* Ariz. R. Fam. Law P. 91(O) ("The court may require . . . that the parties submit to mediation before any issues of custody, parenting time or visitation may be heard.").

**II.    The family court did not abuse its discretion by denying Mother's motion for new trial.**

**¶17**        Mother moved for a new trial pursuant to Arizona Rule of Family Law Procedure 83(A), essentially reiterating her earlier pleadings that the court should set an evidentiary hearing because Father violated a court order, and "to determine the children's best interests in light of Father obtaining a medical marijuana card." Mother asserts, as she did below, that she should have been granted a new trial because she cured the Expedited Petition's verification defects, and she should be excused from first pursuing ADR because "exigent circumstances arise from two facts – Father's historical problems with marijuana that led to [the] Court's February 24, 2014 order [requiring him to drug test] and Father's unilateral violation of" that order.[8]

**¶18**        We find no abuse of discretion by denying Mother's motion for new trial. *See Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10 (App. 2009) (stating standard and reviewing for abuse of discretion); *see In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 8 (App. 2008) ("An abuse of discretion occurs when a court commits an error of law in the process of reaching a discretionary conclusion.").

**¶19**        As discussed above, the court was well within its discretion to deny the Expedited Petition based on the petition and other pleadings if the court could not find adequate grounds to grant a hearing. *See* A.R.S. § 25-411(L) ("The court shall deny the motion [to modify legal decision-making or parenting time] unless it finds that adequate cause for hearing the motion is established by the pleadings . . . ."). Other than the issue of statutory compliance and verification, Mother's motion for new trial merely reasserted her conclusions regarding the exigency of the circumstances, noting she "disagree[d] with the court." Putting aside whether the

---

[8] Mother argues that Father's failure to address her appeal from the denial of her motion for new trial means that Father confesses error with respect to the necessity of a new trial. Although failing to address an issue raised in an opening brief may be treated as a confession of error, here Father asserts the underlying dismissal was correct, and thus, in our discretion, we decline to treat his silence regarding a new trial as a confession of error. *See Meiners v. Indus. Comm'n*, 213 Ariz. 536, 538-39 (App. 2006); *Witherspoon v. Witherspoon*, 17 Ariz. App. 391, 393 (1972) ("The failure to file an answering brief constitutes a confession of reversible error if the reasons presented for reversal are debatable, and it is our duty to determine whether these are debatable.").

Expedited Petition suffered from verification defects following Mother's curative efforts, the record supported the court's conclusion that, the pleadings did not show that the children's health was seriously endangered as required by A.R.S. § 25-411(A) and Arizona Rule of Family Law Procedure 91(F)(1)(b), and Mother had not properly pursued court-ordered mandatory mediation, as bases for dismissing the Expedited Petition. Moreover, the petition did not set forth detailed facts sufficient to require an evidentiary hearing pursuant to A.R.S. § 25-411(L). We find no abuse of discretion in the court's denial of Mother's motion for new trial based on the same assertions raised in the Expedited Petition.

## III.     Attorneys' fees on appeal

**¶20**        Mother requests attorneys' fees on appeal maintaining that her appeal was necessary because Father intentionally violated the Stipulated February Order and that she should get fees based on the parties' relative resources.[9]  Father requests attorneys' fees on appeal pursuant to

---

[9] Mother argues that because Father has not addressed her request for fees, her request should be granted.

A.R.S. § 25-324 (Supp. 2015).[10] He also requests fees pursuant to A.R.S. § 25-411(M),[11] and "for Mother's unreasonableness related to her claims on appeal." Father maintains Mother's appeal is unreasonable because she appealed rather than just wait until February 2015 to file a new petition, allegedly in an attempt to increase the cost of litigation. Father also posits that Mother could have sought ADR following the court's November 2014 ruling which purportedly would have expedited the process and done more to protect the children than Mother's current course of action.

¶21         In the exercise of our discretion, we deny both parties' request for an award of attorneys' fees on appeal. However, we will award Father his taxable costs on appeal pursuant to A.R.S. § 25-324 and upon his timely compliance with ARCAP 21.

---

[10] Section 25-324(A) provides for a discretionary award of costs:

> [A]fter considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, [the court] may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter . . . .

Section 25-324(B) also provides for an award of attorneys' fees under the following circumstances:

> If the court determines that a party filed a petition under one of the following circumstances, the court shall award reasonable costs and attorney fees to the other party: 1. The petition was not filed in good faith. 2. The petition was not grounded in fact or based on law. 3. The petition was filed for an improper purpose, such as to harass the other party, to cause an unnecessary delay or to increase the cost of litigation to the other party.

[11] Section 25-411(M) permits an award of fees if the modification action is "vexatious and constitutes harassment."

## CONCLUSION

**¶22**      For the reasons stated, we affirm the dismissal of Mother's Expedited Petition and the denial of her motion for new trial.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama