229 P.3d 236

**In re the Marriage of Patricia SIMPSON, Petitioner/Appellant,**

**v.**

**Thomas B. SIMPSON, Respondent/Appellee.**

**No. 1 CA–CV 09–0376.**

Court of Appeals of Arizona, Division 1, Department B.

April 22, 2010.

James J. Syme, Jr., Goodyear, Attorney for Petitioner/Appellant.

Trullinger & Wenk by Charles E. Trullinger, Russell F. Wenk, Goodyear, Attorneys for Respondent/Appellee.

## OPINION

BARKER, Judge.

¶ 1 Appellant Patricia Simpson ("Mother") appeals the family court's decision to not order retroactive child support. For the following reasons, we remand to the family court for proceedings consistent with this decision.

### *Facts and Procedural Background*

¶ 2 Mother filed a petition for dissolution of her marriage to Thomas Simpson ("Father") on June 24, 2008. The parties had

four children during their marriage. After trial, the judge entered a decree of dissolution of marriage on April 17, 2009. In the decree, the court ordered Father to pay child support to Mother, but noted that "neither party requested retroactive child support, and to the extent it would be otherwise available, the Court deems that issue abandoned."

¶ 3 Mother filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(B) (2003).

### Discussion

¶ 4 Mother argues on appeal that A.R.S. § 25–320(B) requires a judge making an initial child support order to make the child support retroactive to the date of filing the petition for dissolution of marriage. We review this legal issue de novo. Transp. Ins. Co. v. Bruining, 186 Ariz. 224, 226, 921 P.2d 24, 26 (1996). Child support awards are within the discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Kelsey v. Kelsey, 186 Ariz. 49, 53, 918 P.2d 1067, 1071 (App. 1996).

¶ 5 We first address the trial court's conclusion that retroactive child support was not requested and therefore abandoned. In Mother's petition for dissolution of marriage she requested that the trial court make an appropriate child support order. Mother used the appropriate Maricopa County form to petition for dissolution of her marriage. The Judicial Branch of Arizona: Maricopa County, http://www.superiorcourt.maricopa. gov/sscDocs/ pdf/drdcl5f.pdf (last visited March 11, 2010). The form does not give the option of requesting retroactive child support. One month later in July, Mother filed a motion for temporary orders in which she again requested child support as determined by the current guidelines. At the resolution management conference in October the court did not address the issue of temporary child support, and in the divorce decree the trial court deemed the issue waived because no retroactive child support was requested. The request for child support in the motion for temporary orders was such a request. However, as discussed below, we determine that § 25–320(B) does not require that a separate request be made for retroactive child support. There is no need to separately and additionally request retroactive child support because the original request is made as of the date of the petition, not prospectively from the date of the hearing.

¶ 6 Turning now to the language of the statute, our primary goal is to determine and give effect to legislative intent. City of Phoenix v. Phoenix Employment Relations Bd., 207 Ariz. 337, 340, ¶ 11, 86 P.3d 917, 920 (App.2004). The best indicator of legislative intent is the plain language of the statute. Mathews ex rel. Mathews v. Life Care Ctrs. of Am., Inc., 217 Ariz. 606, 608, ¶ 6, 177 P.3d 867, 869 (App.2008). If the intent is clear and unambiguous from the plain language then we give it effect and do not use other methods of statutory interpretation. Id. "Courts avoid interpreting a statute so as to render any of its language mere surplusage, and instead give meaning to each word, phrase, clause, and sentence so that no part of the statute will be void, inert, redundant, or trivial." City of Phoenix, 207 Ariz. at 340–41, ¶ 11, 86 P.3d at 920–21.

¶ 7 Section 25–320(B) provides:

If child support has not been ordered by a child support order and if the court deems child support appropriate, the court *shall* direct, using a retroactive application of the child support guidelines to the date of filing a dissolution of marriage, legal separation, maintenance or child support proceeding, the amount that the parents shall pay for the past support of the child and the manner in which payment shall be paid, taking into account any amount of temporary or voluntary support that has been paid. Retroactive child support is enforceable in any manner provided by law.

A.R.S. § 25–320(B) (Supp.2009) (emphasis added). The plain language of § 25–320(B) is clear and unambiguous. There are two prerequisites for the court to order retroactive child support. First, there cannot be a previous order for child support. Second, the court must deem child support appropriate. Here, child support had not been previ-

ously ordered, and the court found current child support to be appropriate. Once these two prerequisites are satisfied, the plain language of the statute states the court "shall" order retroactive child support.

¶ 8 Father contends the statute gives the trial court discretion when read as a whole and that it "may" award child support back to the date of filing. Section 25–320(A) uses the discretionary word "may" to give the court discretion in its decision to award child support. Subsection (C) uses the word "may" to give the court discretion in its decision to order retroactive child support back to the date of separation if the parties lived apart before the date of filing for dissolution of marriage. A.R.S. § 25–320(C). However, the word "may" is conspicuously absent from § 25–320(B), which concerns retroactive child support to the date of filing for dissolution of marriage. Instead, that paragraph uses the word "shall" to refer to retroactive child support. · Where a statute uses both mandatory and discretionary verbs,[1] we infer that the "legislature acknowledged the difference and intended each verb to carry its ordinary meaning." *Matter of Guardianship of Cruz*, 154 Ariz. 184, 185, 741 P.2d 317, 318 (App.1987). We recognize there are cases that treat "shall" as indicating desirability, preference, or permission rather than mandatory direction, *Ariz. Libertarian Party v. Schmeral*, 200 Ariz. 486, 490, ¶ 10, 28 P.3d 948, 952 (App.2001), but this interpretation is not appropriate here given the use of "may" in subsections (A) and (C).

¶ 9 Father would also have us apply the phrase from § 25–320(B), "if the court deems child support appropriate," to retroactive child support by substituting "it" for "child support." However, this phrase refers to the court's discretion in awarding child support pursuant to § 25–320(A). Clearly, the court must determine if child support, as of the date of the hearing, is appropriate. If it is, then the court "shall" order retroactive child support. However, the amount of retroactive child support on a monthly basis may or may not be the same as the amount ordered to begin prospectively. The phrase "retroactive application of the child support guidelines" requires the trial court to apply the guidelines to the factual circumstances as they existed in the previous months for which the court is ordering child support. A.R.S. § 25–320(B). Thus, Father's argument that requiring retroactive child support would take away the court's ability to look at the individual facts of the case is faulty. A retroactive application of the child support guidelines requires the court to apply the guidelines to circumstances as they existed during the time for which past child support is being ordered.

¶ 10 Section 25–320(B) does not state that a request must be made by a party for the court to order child support retroactive to the date of filing. Not only is such a requirement never mentioned, it is also contrary to public policy. A primary consideration in dissolution and custody proceedings is the welfare of the children. *Galbraith v. Galbraith*, 88 Ariz. 358, 362, 356 P.2d 1023, 1026 (1960). To read such a requirement into the statute would only be to the detriment of the children. We do not suggest, however, that parties could not stipulate to expressly waive their rights to child support back from the date of filing. *See McClellan Mortgage Co. v. Storey*, 146 Ariz. 185, 188, 704 P.2d 826, 829 (App.1985) (holding generally that rights may be waived). Such is not the case here.

¶ 11 The trial court was required under § 25–320(B) to order past child support; thus, we necessarily find that the court erred when it failed to order retroactive child support because no party allegedly had requested it. No such requirement exists in the statute.

### Conclusion

¶ 12 For the foregoing reasons, we remand for further proceedings consistent with this decision.

---

**1.** Verbs are classified as either principal or auxiliary. "A principal verb is one that can stand alone to express an act or state. . . . An auxiliary verb is used with a principal verb to form a verb phrase that indicates mood, tense, or voice. . . . The most commonly used auxiliaries are *be, can, do, have, may, must, ought, shall,* and *will.*" The Chicago Manual of Style § 5.103 (15th ed. 2003).

CONCURRING: PATRICIA K. NORRIS, Presiding Judge, and PETER B. SWANN, Judge.