NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

ELISA BURTON-ANDERSON,
*Petitioner/Appellee,*

*v.*

MICHAEL JAMES ANDERSON,
*Respondent/Appellant.*

No. 1 CA-CV 15-0214 FC
FILED 4-5-2016

Appeal from the Superior Court in Yavapai County
No. V1300DO201380045
The Honorable Mark M. Moore, Judge *pro tempore*
The Honorable Jeffrey G. Paupore, Judge *pro tempore*

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART**

COUNSEL

Law Office of Benjamin L. Deguire, PLLC, Flagstaff
By Benjamin L. Deguire
*Counsel for Petitioner/Appellee*

Linda Wallace, PLLC, Sedona
By Linda Bagley Wallace
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

**S W A N N**, Judge:

¶1          Michael James Anderson ("Father") appeals from the superior court's order establishing legal decision-making authority, parenting time, and child support in a contested divorce. Specifically, Father challenges the court's adoption of a family evaluator's recommendation that he attend counseling, the court's calculation of past and present child support, and the court's denial of his request for attorney's fees and costs. We reverse and remand with respect to the court's calculation of present child support, because the court erroneously credited the appellee for anticipated voluntary payments toward college expenses for her child from another relationship. We otherwise affirm -- the parties' stipulation to adopt the family evaluator's report reasonably encompassed the counseling recommendation, and the evidence reasonably supports the court's denial of Father's request for past child support and attorney's fees and costs.

## FACTS AND PROCEDURAL HISTORY

¶2          Father and Elisa Burton-Anderson ("Mother") married in 2004; they have two minor children in common. In early 2013, Mother filed a petition for dissolution of the marriage. The parties eventually entered an agreement under Ariz. R. Fam. L. P. ("ARFLP") 69 regarding division of their property and debts. They also stipulated, in writing, that a family evaluator's report would be binding as to "issues of legal decision-making, parenting time, and [Mother]'s proposed relocation" from Cornville, Arizona, to Flagstaff, Arizona, less than one hundred miles away. In the interim, the parties exercised equal parenting time.

¶3          In August 2013, Father filed a motion for a temporary child support order, retroactive to the date of the petition's filing. In support of the motion, Father filed two child support worksheets and an affidavit of financial information. In September, after holding a hearing on other issues, the court stated: "Once the Court receives [the family evaluator]'s report, it will deal with the issue of child support. Counsel will contact the Court once the report is received to schedule further hearings."

¶4            The court received the family evaluator's report in late December.  The family evaluator recommended that Mother be awarded sole legal decision-making authority, citing "significant domestic violence perpetrated by Father toward Mother" and "a concern that Father may still abuse alcohol."   The evaluator further recommended two alternative parenting-time schedules granting regular (but not equal) parenting time to Father: one schedule to apply if Mother did not move to Flagstaff, and one to apply if she did move.  The evaluator also recommended, among other things, that Father attend weekly counseling for one year, ideally "focused on lessening his alcohol use and his controlling and abusive behaviors."

¶5            Mother lodged a proposed form of order that included the family evaluator's counseling recommendation.  Father objected and filed an opposing form of order, arguing that the counseling recommendation fell outside of the scope of the parties' stipulation to adopt the evaluator's report.

¶6            At trial in May 2014, the parties characterized the disputed issues as: (1) Father's request for past child support and Mother's request for present child support; and (2) the parties' competing requests for attorney's fees and costs.  Mother agreed at the outset of the hearing to waive the counseling-recommendation dispute.

¶7            After considering the parties' testimony and the evidence, the court adopted the evaluator's report in its entirety -- including the counseling recommendation.  The court explained that "[w]hile the report of [the evaluator] *may* exceed the strict parameters of the Stipulation, the benefit of the opinions of a professional far surpass any alleged injury to a party."  The court also adopted Mother's child support worksheet, which calculated that Father was obligated to pay child support in the amount of $94 per month.  The court declined to award attorney's fees to either party, and ordered the parties to split the cost of the family evaluator.

¶8            Father filed a motion for reconsideration in which he challenged the court's orders and requested a ruling on his request for past child support.  The court reviewed the trial transcript and exhibits.[1]  The court noted that the parties had failed to offer testimony regarding the issue of past child support, and held:

---

[1]      The motion for reconsideration was decided by a judge other than the judge who had conducted the trial.

The parties had the opportunity to litigate the issue of Child Support, *pendent[e] lite*, and to the extent evidence was offered at Trial, a final determination was made by the Trial Court. The issues of attorneys' fees and Child Support, *pendente lite*, have been fully adjudicated and the principle of *res judicata* applies to both.

**¶9** The court entered a decree dissolving the parties' marriage, and Father appealed. We denied Mother's motion to dismiss the appeal on jurisdictional grounds.

## DISCUSSION

**¶10** Father raises several arguments on appeal. We address each in turn.

### I. COUNSELING

**¶11** Father first challenges the order requiring him to attend counseling, arguing that the order exceeded the bounds of the parties' stipulation to adopt the family evaluator's report. We reject Father's argument. The parties stipulated that the family evaluator would determine legal decision-making and parenting time -- determinations that require inquiry into issues of parental mental health, substance abuse, and domestic violence. *See* A.R.S. §§ 25-403(A)(5), (8), -403.02(B), -403.03, -403.04. The family evaluator did not exceed the scope of his charge by finding that Father had abused alcohol and perpetrated domestic violence. And on the basis of those findings, the court did not abuse its discretion by adopting the evaluator's recommendation that Father attend counseling. *See* A.R.S. § 25-403.03(F)(3).

### II. CHILD SUPPORT

**¶12** Father next challenges the court's denial of his request for past child support,[2] and its calculation of his present child support obligation.

---

[2] Mother points out that Father's request was raised in a motion for a temporary order, and that under A.R.S. § 25-315(F)(4) and ARFLP 47(M), temporary orders terminate upon the entry of a final decree. Mother further contends that Father failed to request a pretrial hearing. Mother assigns too much importance to the "temporary orders" rubric. The parties agreed at trial that past child support was a disputed issue. Retroactive child support is not limited to the temporary-orders context, and on this record was

The superior court has broad discretion with respect to child support determinations, *Tester v. Tester*, 123 Ariz. 41, 44 (App. 1979), considering and weighing the factors set forth in A.R.S. § 25-320 and applying the Arizona Child Support Guidelines ("Guidelines"). But we review the court's interpretation of the Guidelines de novo. *Hetherington v. Hetherington*, 220 Ariz. 16, 21, ¶ 21 (App. 2008).

**¶13** We cannot say that the court abused its discretion by denying Father's request for child support for the period during which the parties exercised equal parenting time. The court reasonably concluded that Father presented insufficient evidence to support the award requested.

**¶14** We find legal error, however, in the court's calculation of Father's present child support obligation. Mother has a child from another relationship, who was to turn eighteen years old in October 2014, five months after the trial. In calculating Father's child support obligation, the court gave Mother credit for monthly payments that she anticipated voluntarily making toward her separate child's impending college education. Contrary to Mother's contention, nothing in Section 6 of the Guidelines supports such a credit.[3]

---

properly presented as a trial issue. *See* A.R.S. § 25-320(B); *see also Simpson v. Simpson*, 224 Ariz. 224, 225, ¶ 5 (App. 2010) (holding that motion for temporary orders regarding child support preserved issue of retroactive child support for purposes of decree).

We further observe that to the extent the court's initial ruling did not expressly address Father's request for past child support, the ruling on the motion for reconsideration made clear that the request was denied based on the evidence. A.R.S. § 25-320 does not require that the court make findings of fact on the record; the court is obligated to make specific findings with respect to child support only upon a party's timely request under ARFLP 82(A). *See Elliott v. Elliott*, 165 Ariz. 128, 135 (App. 1990). There was no such request in this case.

[3] Section 6 of the Guidelines provides that a parent's gross income may be adjusted downward for court-ordered child support or other payments that the parent makes to support a child from another relationship. The court adjusted Mother's gross income in such a manner. The adjustment appears contrary to Mother's testimony that she did not pay -- but in fact *received* -- child support payments for her separate child. Father does not, however, challenge this adjustment on appeal.

## III.    ATTORNEY'S FEES AND COSTS

¶**15**        Father finally challenges the court's denial of his request for attorney's fees and costs under A.R.S. § 25-324(A).  We review the court's ruling for an abuse of discretion. *See Magee v. Magee*, 206 Ariz. 589, 590, ¶ 6 (App. 2004).

¶**16**        Section 25-324(A) provides that the court,

> after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under [the statutes governing dissolution proceedings] or [the statutes governing legal decision-making, parenting time, and child support].

Father contends that the court failed to consider the disparity between his and Mother's financial resources.  But under the plain terms of the statute, the court must consider not only the parties' financial resources, but also the reasonableness of their positions in the litigation.  The court expressly found that Father took an unreasonable position at trial.  The court's finding is supported by Father's insistence at trial that the family evaluator's recommendations on legal decision-making authority and parenting time -- which he had stipulated to adopt -- did not represent the children's best interests.  The court acted within its discretion by declining to award fees and costs to Father.

## CONCLUSION

¶**17**        We reverse the court's determination of Father's child support obligation and remand for a redetermination consistent with this decision.  We otherwise affirm.  In exercise of our discretion, we deny both parties' requests for attorney's fees and costs on appeal.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

6