NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

DIANA D HEARD-VAUGHN,
*Petitioner/Appellant,*

*v.*

KAREEM A VAUGHN,
*Respondent/Appellee.*

No. 1 CA-CV 17-0044 FC
FILED 12-26-2017

Appeal from the Superior Court in Maricopa County
No.  FC2014-070758
The Honorable Kathleen H. Mead, Judge

**AFFIRMED IN PART; REVERSED IN PART; REMANDED**

COUNSEL

Diana D. Heard-Vaughn, Surprise
*Petitioner/Appellant*

Paul Tutnick, Attorney at Law, Sedona
By Paul Tutnick
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

---

J O H N S E N, Judge:

¶1          In this dissolution action brought by Diana D. Heard-Vaughn ("Wife") against Kareem A. Vaughn ("Husband"), Wife appeals from the superior court's equitable division of a car, Wife's medical practice and various debts, and also its denial of retroactive child support.  For reasons that follow, we affirm the court's division of the medical practice and the debts, but reverse its division of the car and its denial of retroactive child support.

### FACTS AND PROCEDURAL BACKGROUND

¶2          In January 2014, Wife filed a petition to dissolve her eight-year marriage to Husband, requesting, among other things, that the court award her child support for their two young children and fairly divide community property and debts, specifically requesting the equitable division of the marital home and her medical practice.  After an evidentiary hearing, the court entered a decree in November 2016 dissolving the marriage, dividing assets and debts, ordering Husband to pay prospective child support and denying retroactive child support.

¶3          Wife timely appealed (1) the court's division of equity in a car she drove during the marriage; (2) its equal division of the community interest in her medical practice and community debts; and (3) its denial of retroactive child support.  We have jurisdiction over her appeal pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12-2101(B) (2017).[1]

---

[1]     Absent material revision after the relevant date, we cite the current version of a statute.

**DISCUSSION**

**A.      The Car.**

¶4            The superior court equally divided the equity in a car driven by Wife, awarding Wife the car and ordering her to pay Husband $5,000 as his share of the community's interest in the car.  The court found:

> [Wife] drives [a car] that had a loan on it at the time of service. The parties agreed in court that the value of the vehicle, less the amount owed, at the time of service was $10,000.00. [Wife] has since paid off the loan.  There is no dispute that the vehicle is a community asset.

¶5            We review the superior court's division of community property for abuse of discretion but review its characterization of property *de novo*.  *In re Marriage of Pownall*, 197 Ariz. 577, 581, ¶ 15 (App. 2000).  We will affirm the court's factual findings unless they are clearly erroneous. *Kocher v. Dep't of Revenue of Ariz.*, 206 Ariz. 480, 482, ¶ 9 (App. 2003).  "A finding of fact is not clearly erroneous if substantial evidence supports it." *Id.*

¶6            In general, any equity in a car that the parties acquired pre-petition is community property, subject to equitable division in a dissolution proceeding.  *See* A.R.S. §§ 25-211(A) (2017), -318(A) (2017). Equity that Wife acquired in the car post-petition, however, is not community property.  *See* § 25-211(A)(2) (property acquired after service of dissolution petition is not community property when petition results in dissolution).

¶7            The superior court erred by finding that the parties owned the car at the time of the petition.  Wife testified that the car was leased at the time she filed the petition, with several $750 lease payments remaining. Wife further testified that after she filed the petition, she made the remaining lease payments and then paid $19,000 to purchase the car.

¶8            This evidence, which husband did not contest, demonstrates that the parties did not own the vehicle together and therefore there was no community interest in the car at the time of the petition subject to division in the decree.  Although a leasehold interest may have value in some circumstances, *see Mobil Oil Corp. v. Phoenix Cent. Christian Church*, 138 Ariz. 397, 399 (App. 1983), Husband did not make that argument in the superior court and does not do so on appeal.

## B.     Division of Debts and the Medical Practice.

¶9          In April 2013, Wife purchased a medical practice for $330,000, paying $62,000 down and financing the balance by giving the seller a $240,000 note and allowing the seller to keep certain accounts receivable. Relying on an appraisal valuing the practice at $360,000 near the time of the petition, and finding $158,260 still owing on the note, the superior court awarded Husband $100,870 as his one-half share of the community interest in the medical practice.  The court also ruled Wife and Husband equally responsible for all community debts.

¶10          Wife does not dispute that her medical practice was community property and that debts incurred during the marriage are community debts, and does not dispute the amounts of either.[2]  Wife, however, challenges the superior court's equal division of both the medical practice and parties' debts, arguing the court should have awarded her more of the equity in her medical practice because, as a practical matter, Husband lacks the will and the resources to fulfill his responsibility to pay half the community debt.

¶11          "In effecting a fair and equitable distribution the trial court is given a broad discretionary power and it is only where there is a manifest abuse of that discretion will an appellate court interfere." *Wick v. Wick*, 107 Ariz. 382, 385 (1971).  Because the nature of community property implies equal ownership, "all marital joint property should be divided substantially equally" in a dissolution proceeding "unless sound reason exists to divide the property otherwise." *Toth v. Toth*, 190 Ariz. 218, 221 (1997).

¶12          While a different allocation of the medical practice and debts might have been permissible, the superior court did not abuse its discretion in deciding to equally split the value of the medical practice and the debts. Wife admitted that she, like husband, has a long history of not paying debts, and the parties' lack of documentation on many financial issues left the court without certainty about what exactly was owed, making calculating an offset problematic.  We conclude that the court did not err in dividing the medical practice and community debts.

---

2          At trial, Wife argued that some of the down payment on the medical practice did not come from community funds: She claimed she borrowed $22,000 for the down payment from her father.  She offered no documentation for that contention, which the court rejected.  She does not challenge that part of the court's ruling on appeal.

## C.     Child Support.

¶13        The superior court awarded Wife $660 per month in child support but denied Wife's request for retroactive payments, stating that because

> temporary child support was not requested during the litigation and [Husband's] testimony, that the parties had verbally agreed not to seek child support as [Husband] paid the [marital] debt during the litigation, is credible.

On appeal, Wife argues she is entitled to retroactive child support and the court erred in finding that she waived her right to that support based on Husband's testimony that she had orally agreed to waive it.

¶14        The relevant statute provides:

> If child support has not been ordered by a child support order and if the court deems child support appropriate, the court shall direct, using a retroactive application of the child support guidelines to the date of filing a dissolution of marriage, legal separation, maintenance or child support proceeding, the amount that the parents shall pay for the past support of the child and the manner in which payment shall be paid, taking into account any amount of temporary or voluntary support that has been paid.

A.R.S. § 25-320(B) (2017).   This provision requires the court to order retroactive child support from the date of the dissolution filing if the court awards current child support and has not previously ordered support. *Simpson v. Simpson*, 224 Ariz. 224, 225-26, ¶ 7 (App. 2010).  Additionally, the court may order a party to pay up to three years' of retroactive child support for time the parties were living apart before the dissolution filing.  A.R.S. § 25-320(C).   "A retroactive application of the child support guidelines requires the court to apply the guidelines to circumstances as they existed during the time for which past child support is being ordered." *Simpson*, 224 Ariz. at 226, ¶ 9.  A party need not specifically request retroactive child support. *Id.* at 226, ¶ 10.

¶15        Although a party may waive his or her right to retroactive child support through an express stipulation, *see id.*, such a waiver must be established by clear and compelling evidence of a voluntary, intentional

abandonment of the right. *See Ray v. Mangum*, 163 Ariz. 329, 332 (1989). Accordingly, a party arguing waiver must offer more than his or her belief that the right to support was waived. "Where conflicting testimony exists and the parties' unspoken assumptions and intentions conflict, one party's belief cannot provide clear and convincing evidence of the parties['] agreement." *Id.* at 333. In such a case, "[m]uch more is needed to meet the waiver clear and compelling evidence standard, such as a waiver in writing or an admission by the custodial parent of an intent to waive child support arrearages." *Id.* (citations omitted).

¶16          The record here does not contain clear and convincing evidence that Wife waived her right to retroactive child support. Husband acknowledges that the only evidence of waiver was his own testimony that he and Wife had agreed orally that he would make payments on a particular marital debt in lieu of paying child support until child support "was worked out in court." Wife denied any conversation about such an agreement, and argues that in any event, Husband did not make payments on the referenced debt. Even though the superior court found Husband's disputed testimony credible, that testimony, by itself, is not clear and convincing evidence establishing waiver.

¶17          Because Husband's disputed testimony is insufficient to establish that Wife waived her right to retroactive child support, and Wife was not required to request retroactive child support, the superior court erred in failing to award child support as of the date of the petition.

**CONCLUSION**

¶18          We reverse the superior court's award of $5,000 to Husband relating to the car but otherwise affirm the court's equitable division of the parties' community debts and Wife's medical practice. Further, we reverse the court's denial of retroactive post-petition child support, and remand the matter to the superior court for proceedings consistent with this decision.

