NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

BRANDON PETRIZZE, *Petitioner/Appellee*,

*v.*

KAYLI JOHNSON, *Respondent/Appellant*.

No. 1 CA-CV 18-0401 FC
FILED 3-21-2019

Appeal from the Superior Court in Maricopa County
No. FC2018-090122
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED**

APPEARANCES

Kayli Johnson, Mesa
*Respondent/Appellant*

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Kent E. Cattani joined.

**B E E N E**, Judge:

¶1        Kayli Johnson ("Mother") appeals the superior court's orders as to joint legal decision-making, parenting time, and child support.[1]  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother and Brandon Petrizze ("Father") have two children together, M.P.J. and R.P.J.   In January 2018, Father filed a petition to establish legal decision-making, parenting time, and child support ("Petition").

¶3        In February 2018, Mother filed her response to the Petition and requested sole legal decision-making authority, no parenting time for Father, and an award of child support.  Mother cited Father's substance abuse and lack of recent contact with the children as the basis for her request.

¶4        Father admitted that he pled guilty in March 2017 to a driving under the influence ("DUI") charge.  But, he denied any subsequent substance abuse issues and any other drug- or alcohol-related charges in the past five years.  Father served his jail sentence and house-arrest term and successfully completed substance abuse counseling and random drug testing.

¶5        Although not raised in her response to the Petition or at trial, Mother alleged that Father committed acts of domestic violence while they were together.  Father denied that any domestic violence occurred during their relationship.

¶6        Regarding child support, Mother requested child support be calculated effective June 28, 2017, the date the couple stopped living together.  Father requested a child support award based on each parent earning a rate of $10 per hour.  Later, through their financial records and

---

[1]        Father has not filed an answering brief.  Nevertheless, in an exercise of our discretion, we choose to address the merits of the appeal, although we could treat Father's failure to file an answering brief as a confession of error.  *See McDowell Mountain Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, 269, ¶ 13 (App. 2007).

affidavits, Mother and Father reported monthly incomes of $1096, respectively.

**¶7** At the conclusion of the trial, the superior court found "it [was] in the children's best interest[s] that Mother and Father be awarded joint legal decision-making authority," Father exercise on-going parenting time of 93 days per year, and "neither party shall pay or receive child support."

**¶8** Mother timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statute ("A.R.S.") §§ 8-235(A), 12-120.21(A)(1), and -2101(A).

## DISCUSSION

### I. The Evidence Supports the Superior Court's Findings Related to Parenting Time and Decision-Making.

**¶9** Mother claims the superior court erred in granting the parties joint legal decision-making authority and Father parenting time with the children. When determining legal decision-making and parenting time, the superior court must consider the best interests of the child and all factors that are relevant to the child's physical and emotional well-being, including those listed in A.R.S. § 25-403(A). If the decision-making or parenting time is contested, the court must also "make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B); *Hurd v. Hurd,* 223 Ariz. 48, 51, ¶ 11 (App. 2009). The court abuses its discretion if it: 1) fails to make the requisite best-interests findings pursuant to A.R.S. § 25-403, *see Owen v. Blackhawk*, 206 Ariz. 418, 421-22, ¶ 12 (App. 2003) (holding court abused its discretion by modifying custody without making findings on the record); 2) lacks competent evidence supporting its decision, *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999); or 3) "commits an error of law in the process of exercising its discretion," *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005).

**¶10** Here, the court made the necessary findings under § 25-403, as well as findings regarding domestic violence and substance abuse. Mother, however, claims these findings are not supported by the evidence and law. We disagree.

#### A. Domestic Violence.

**¶11** Section 25-403.03(A) establishes that "joint legal decision-making shall not be awarded if the court makes a finding of the existence

of significant domestic violence . . . or if the court finds by a preponderance of the evidence that there has been a significant history of domestic violence."

¶12        Here, the court did not find by a preponderance of the evidence that there had been "significant" domestic violence by Father. Rather, the court found "the domestic violence in this case [was] dated, and [did] not involve the children directly," and "[a]ll incidents were remote in time and involved (with the exception of one choking allegation) a verbal rather than a physical altercation." Further, the court made findings regarding the lack of evidence proffered by Mother, including the absence of medical or police reports, or orders of protection, as well as the remoteness of the incidents alleged. The only evidence in the record as to the alleged domestic violence is Mother's testimony.

¶13        "Father vehemently denie[d] that any past action of his [could] be seen as domestic violence" or that domestic violence occurred in the relationship. And, the superior court determined "the evidence establishe[d] that by a preponderance of the evidence there ha[d] not been 'significant' domestic violence by Father."

¶14        "Our duty on review does not include re-weighing conflicting evidence or redetermining the preponderance of the evidence." *Hurd*, 223 Ariz. at 52, ¶ 16 (citations omitted). "We must give due regard to the trial court's opportunity to judge the credibility of the witnesses." *Id.* "Even though conflicting evidence may exist, we affirm the trial court's ruling if substantial evidence supports it." *Id.* Here, the record shows there is insufficient evidence to support a finding of "significant domestic violence." *See* A.R.S. § 25-403.03(A). Therefore, the superior court did not abuse its discretion in granting joint decision-making to the parents.

###       B.       Substance Abuse.

¶15        Section 25-403.04(A) establishes a presumption that a child's best interests are not served by a parent having legal decision-making or parenting time if the court determines that the parent has abused drugs or alcohol or been convicted of certain substance abuse offenses in the 12 months before filing for decision-making authority or parenting time. In making this determination, the court must include supporting findings of fact as to the substance abuse or conviction and how to appropriately protect the child. A.R.S. § 25-403.04(A)(1), (2).

¶16        Here, the record shows Father admitted to a DUI conviction in 2017. Because he filed his petition in January 2018, Father was convicted

of a substance abuse offense within 12 months of filing the Petition. The court properly found that "Father ha[d] abused drugs or alcohol or was convicted of the offense and that this evidence [wa]s sufficient to establish a rebuttable presumption that sole or joint legal decision-making authority by Father [was] not in the children's best interests." *See* A.R.S. § 25-403.04(A).

¶17 A parent, however, may rebut this presumption. *See* A.R.S. § 25-403.04(B). Here, following his DUI conviction, Father served his jail sentence and house-arrest term, and successfully completed substance abuse counseling and random drug testing. Further, Father denied any other drug or alcohol charges in the past five years or any current use of marijuana, and there was no evidence to the contrary.

¶18 The court, therefore, found that although "Mother has had legitimate reasons to be concerned with the children's safety given Father's past struggles with alcohol and substance abuse," "[t]he incident in question [of Father's 2017 DUI conviction] occurred in 2016. [And, t]here have been no other drug or alcohol related charges involving Father, and he has successfully completed a Court ordered program as a term of his sentence." Additionally, the superior court found "[a]ny argument that Father will re-offend or be unable to make rational decisions on behalf of his children is speculative."

¶19 Here, the record provides sufficient evidence for the court's finding that Father had rebutted the presumption that his substance abuse history created an impediment to granting him decision-making authority and parenting time. Specifically, the court considered that Father had no other convictions within the past five years and had completed both substance abuse treatment and drug testing. Again, we do not re-weigh conflicting evidence or redetermine the preponderance of the evidence, and we defer to the superior court's credibility assessment of witnesses. *See Hurd*, 223 Ariz. at 52, ¶ 16. The superior court did not abuse its discretion by granting the parents joint decision-making and Father parenting time.

**II. The Record Supports the Superior Court's Child Support Calculation.**

¶20 Mother claims the court erred in calculating child support because: 1) Father "did not submit enough financial information . . . in order to correctly calculate child support"; 2) Father received a deduction for a child he is not actually supporting; 3) Father received a "tax [deduction] even though mother has been sole provider"; and 4) the court failed to

"order that [Father] pay any back or current child support even though Father wasn't financially supporting the children."

¶21            "Child support awards are within the sound discretion of the [superior] court and will not be disturbed on appeal absent an abuse of discretion." *State ex rel. Dep't of Econ. Sec. v. Ayala*, 185 Ariz. 314, 316 (App. 1996). "An appellate court will not disturb the [superior] court's decision if there is any reasonable evidence to support it." *Tester v. Tester*, 123 Ariz. 41, 44 (App. 1979).

¶22            Here, the record shows Father estimated his monthly income to be $2,000 per month, with $11,000 of taxable income in 2017. Mother did not provide contrary evidence to challenge these estimates.

¶23            Arizona law establishes "[t]he court *shall presume, in the absence of contrary testimony*, that a parent is capable of full-time employment at least at the applicable state or federal adult minimum wage, whichever is higher." A.R.S. § 25-320(N) (emphasis added). Because the court determined the monthly minimum wage rate of $1820 per month would "be more than [Father's] actual income," consistent with statute, the court properly attributed minimum wage to Father. Mother was also correctly attributed minimum wage, as she claimed an income of $1060 per month. Accordingly, the court did not abuse its discretion in attributing a minimum wage to each parent.

¶24            Regarding the deduction for Father's other child in computing child support, Arizona law provides that "[a]n amount may be deducted from the gross income of a parent for support of natural . . . children of other relationships not covered by a court order." A.R.S. § 25-320 app. § 6(D) (2018) ("Guidelines"). Here, Father testified that he has a child with another individual. The court did not abuse its discretion in allowing Father a deduction for his other child.

¶25            Next, Arizona law requires "tax exemptions applicable to the minor children shall be allocated between the parents . . . proportionate[ly] to adjusted gross income[,] in a reasonable pattern that can be repeated in no more than 5 years." Guidelines § 27. Here, the court expressly considered the relevant statute and then ordered that Mother claim M.P.J. each year and R.P.J. every third year. Mother is the custodial parent of the children, Father has 93 parenting days per year, and neither parent is paying or receiving child support. Thus, the tax exemption was ordered to repeat in a reasonable pattern of not more than five years and in favor of

the higher proportionate cost of child expenses that Mother will bear. The court did not abuse its discretion in allocating the tax exemptions.

**¶26** Finally, the court ordered that neither party pay or receive a child support award. As previously stated, each parent was allocated a monthly wage of $1820, *supra* ¶ 23, Father was properly permitted a deduction for his other child, *supra* ¶ 24, and then the court calculated a preliminary child support amount. Arizona law, however, permits the use of the "self-support reserve test to verify that the paying parent is financially able to pay the child support order and to maintain at least a minimum standard of living." Guidelines § 15. When "the resulting amount [of the self-support amount minus the adjusted income] is less than the child support order, the court <u>may</u> reduce the current child support order." *Id.* (emphasis in original); *see Ayala*, 185 Ariz. at 316. Because the self-support reserve amount exceeded Father's calculated income, the court properly exercised its discretion to reduce the child support amount and ordered that neither parent receive or pay child support. Further, having found that a child support award was not appropriate, the court was within its discretion to decline to order child support retroactive to filing. *See* A.R.S. § 25-320(B); *Simpson v. Simpson*, 224 Ariz. 224, 225-26, ¶ 7 (App. 2010).

**CONCLUSION**

**¶27** For the foregoing reasons, we affirm the superior court orders as to joint legal decision-making, parenting time, and child support.

