NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ALISA JOST, *Petitioner/Appellant,*

*v.*

CHARLES JOST, *Respondent/Appellee.*

CARDIOJOST, INC., *Appellee*

No. 1 CA-CV 17-0788 FC
FILED 7-23-2019

Appeal from the Superior Court in Maricopa County
No.  FC 2013-094487
The Honorable Joseph C. Kreamer, Judge

**AFFIRMED**

COUNSEL

Horne Slaton PLLC, Scottsdale
By Thomas C. Horne, Kristin M. Roebuck Bethell
*Counsel for Petitioner/Appellant*

Jeffrey G. Pollitt PC, Phoenix
By Jeffrey G. Pollitt, Jennika N. McKusick, Lindsay D. Cohen
*Co-Counsel for Respondent/Appellee, Charles Jost*

Mandel Young PLC, Phoenix
By Taylor C. Young
*Co-Counsel for Respondent/Appellee, Charles Jost, and for CardioJost Inc.*

Wallin Hester PLC, Gilbert
By Chad A. Hester
*Co-Counsel for Appellee, CardioJost Inc.*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1        The superior court has broad discretion in reaching determinations in a family law matter. *See, e.g.*, *Burkhardt v. Burkhardt*, 109 Ariz. 419, 420 (1973). Wife appeals from the decree of dissolution of marriage, arguing that the court erred in several of its findings, including its award of child support, spousal maintenance, and valuation of the community business. For the following reasons, we affirm.

### BACKGROUND

¶2        Alisa Jost ("Wife") petitioned for dissolution of her 18-year marriage to Charles Jost ("Husband"). The parties have four children, one of whom is a minor. During the marriage, the parties maintained a high standard of living, both working at their community-owned business, Southwest Cardiovascular Associates, known as CardioJost. Wife managed the business and Husband provided cardiology services.

¶3        The parties agreed Wife would have sole legal decision-making authority over the minor, who would attend a boarding school in Israel on a scholarship. The superior court decided the remaining issues following a trial. The court awarded Wife $1,000 per month in child support and also awarded retroactive child support beginning June 1, 2014. After considering all relevant factors under Arizona Revised Statutes ("A.R.S.") section 25-319(B), the court ordered spousal maintenance of $16,000 per month for 36 months, followed by $8,000 per month for 24 months. The parties "hotly disputed" the fair market value of CardioJost. Ultimately, the

court adopted the valuation report prepared by Husband's expert, finding that the medical practice was worth $230,000. Both parties requested an award of attorney fees and costs, which the court denied. Wife filed a motion for new trial or amended judgment, in relevant part asking the court to amend findings related to domestic violence, retroactive child support, business valuation, various community expenditures, and spousal maintenance, which the court denied.

## DISCUSSION

**¶4** Wife appeals the court's findings and awards regarding valuation of the community business, child support, community expenses, spousal maintenance, domestic violence, tax liability, attorney fees, and discovery sanctions. We review these issues for an abuse of discretion.[1] *Schickner v. Schickner*, 237 Ariz. 194, 197, ¶ 13 (App. 2015); *Seidman v. Seidman*, 222 Ariz. 408, 411, ¶ 18 (App. 2009); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, 351, ¶¶ 14, 32 (App. 1998); *In re Marriage of Berger*, 140 Ariz. 156, 167 (App. 1983). Viewing the evidence in the light most favorable to upholding the judgment, we will affirm if reasonable evidence supports the court's findings. *Cullum v. Cullum*, 215 Ariz. 352, 354, ¶ 9 (App. 2007).

### I.     Value of the Community Business

**¶5** The trial court has wide discretion to determine the method of valuing a community business. *Kelsey v. Kelsey*, 186 Ariz. 49, 51 (App. 1996); *see Mitchell v. Mitchell*, 152 Ariz. 317, 323 (1987) (upholding business valuation that was supported by expert testimony despite the existence of an alternate method proposed by a different expert).

**¶6** At trial, both parties presented expert reports and testimony on the fair market value of CardioJost. Husband's expert initially valued the business at $230,000. After trial, Wife's expert concluded that CardioJost was worth $1.015 million, whereas Husband provided an ultimate value of less than $230,000. The court explained that it "[found] faults with both experts' ultimate valuation opinion," but "[would] not venture into a recalculation of either opinion." The court then adopted Husband's expert's initial valuation of $230,000 as the "most sound" and supported by the weight of the evidence.

**¶7** The evidence as to the accuracy of both experts' valuation opinions is disputed.  Therefore, we defer to the trier of fact's determination

---

[1] Although Wife included the superior court's denial of her motion for new trial in her notice of appeal, she does not argue that the denial was error.

of the weight to give this conflicting testimony and evidence. *See Gutierrez*, 193 Ariz. at 347, ¶13. Even if the court found both experts' final valuation opinions faulty, the court was free to adopt the original business valuation of Husband's expert. We therefore find no abuse of discretion.

## II.     Child support

### A.     Deviation from Child Support Guidelines

**¶8**          The superior court made a downward deviation from the Arizona child support guideline calculation of $1,269.60 per month to $1,000 per month. Wife argues that the downward deviation was in error. Both Wife and child live in Israel, and Wife asserts that the child visits home frequently, requiring her to maintain space and provide living essentials in the house. She additionally argues that an upward deviation was supported in the record as evidenced by the large disparity between Husband's income and her more modest means.

**¶9**          Under A.R.S. § 25-320(D), the supreme court must establish guidelines for determining the amount of child support. The superior court must order as child support the amount resulting from applying the guidelines unless the superior court makes a written finding that "application of the guidelines would be inappropriate or unjust in a particular case." A.R.S. § 25-320(D). In deviating from the child support guidelines, the superior court must consider all relevant factors in determining an award of child support, including "[t]he standard of living the child would have enjoyed if the child lived in an intact home" and "[t]he duration of parenting time and related expenses." A.R.S. § 25-320(D)(3), (8).

**¶10**          Here, the superior court found that a downward deviation was appropriate because the child "is spending a substantial amount of time at [boarding] school instead of with Wife." While Husband's income is high, and the child may be accustomed to a high standard of living, it was within the court's discretion to deviate from the guidelines after weighing all relevant factors set forth in A.R.S. § 25-320(D). Because the record contains reasonable evidence to justify the deviation, we detect no error.

### B.     Retroactive Child Support

**¶11**          Wife argues that the court erred by not ordering retroactive child support from the date she filed her petition for divorce, October 18, 2013. "[I]f the court deems child support appropriate, the court shall direct, using a retroactive application of the child support guidelines to the date of filing a dissolution of marriage . . . the amount that the parents shall pay for

the past support of the child." A.R.S. § 25-320(B). Retroactive child support is mandatory from the filing of the petition, even if a party does not request it, and requires the court to "apply the guidelines to the factual circumstances as they existed in the previous months for which the court is ordering child support." *Simpson v. Simpson*, 224 Ariz. 224, 226, ¶¶ 9-10 (App. 2010). In calculating retroactive child support, the court may take into account temporary or voluntary child support that has been paid. A.R.S. § 25-320(B).

**¶12**        The court awarded retroactive child support based on income disclosures that showed Husband's income between June 1, 2014 and June 23, 2017. The court awarded retroactive child support for those dates only. Wife argues that the court should have also awarded retroactive child support between October 18, 2013—the date of the petition for dissolution—and June 1, 2014. But evidence in the record indicates that the couple lived in the same house during that time period. Thus, while the best practice would have been for the court to explain on the record why it declined to award child support during that period, evidence supports the court's award of $0. We thus discern no error in the court declining to award retroactive child support between October 18, 2013, and May 31, 2014.

### C.        Tax Deductions for Minor Child

**¶13**        The superior court ordered that Husband claim the child as dependent on taxes for three years, then Wife for one year, with the cycle repeating every four years. With no citation to authority, Wife argues that because she cares for the child full-time, Husband and Wife should share the benefit of tax deductions equally. We disagree. Considering the disparity in income between the parents, it was within the court's discretion to allocate tax deductions accordingly. *See* A.R.S. § 25-320 app. § 27 ("All the federal and state tax exemptions applicable to the minor children shall be allocated between the parents . . . in a manner that allows each parent to claim allowable federal dependency exemptions proportionate to adjusted gross income . . . ."). There is ample evidence in this record to support the superior court's division of the income tax deduction.

## III.    Wife's Individual Expenditures for Community Responsibilities

**¶14**        Wife asserts that "community responsibility" expenses (school tuition, home repairs, mortgage payments, and various medical costs for the children) were properly disclosed and that the superior court's failure to order reimbursement of the expenditures was in error. Arizona Rule of Family Law Procedure ("ARFLP") 76.1(f)(6) requires that a party

include "detailed and concise statements of contested issues of fact and law" in the pretrial statement.[2] Unless the court orders otherwise for good cause, a party cannot present a witness or offer an exhibit other than those listed on the pretrial statement. ARFLP 76.1(h).

**¶15** Wife asserts she disclosed these expenditures in bank statements and a spreadsheet attached to a supplemental disclosure before trial. Regardless, these expenses were not addressed in either party's pretrial statement. Because "the pretrial statement controls the subsequent course of the litigation," the court did not err in denying to award reimbursement for the Wife's untimely claims. *See Leathers v. Leathers*, 216 Ariz. 374, 378, ¶ 19 (App. 2007) (citation omitted) (holding that listing a community asset "in earlier papers" without including it in the pretrial statement did not place the issue properly before the court).

## IV.    Spousal Maintenance

**¶16** Husband and Wife agree that Wife is entitled to spousal maintenance but disagree about how much and how long maintenance should be awarded. Once the superior court finds that spousal maintenance is appropriate, the court must then determine a fair amount and duration for the award, considering all relevant factors under A.R.S. § 25-319(B). *Gutierrez*, 193 Ariz. at 348, ¶ 15.

**¶17** Wife challenges the court's findings about her career opportunities, excessive or abnormal expenditures, ability to meet her needs, and Husband's ability to pay spousal maintenance. The court made extensive findings to support its award, illustrating its consideration of each required factor. A.R.S. § 25-319(B). The court's spousal maintenance award was within its sound discretion and is fully supported by the record. We affirm the award of spousal maintenance.

## V.    Domestic Violence Findings

**¶18** Wife asks this court to vacate the trial court's finding that there was no history of domestic violence, arguing that the issue was not litigated. Wife asserts that "the disputed issue had been resolved by settlement," pointing to a Notice of Settlement in the record. The cited Notice only mentions settlement regarding payment for private school

---

[2] The Rules of Family Law Procedure were amended during the pendency of this appeal. No material changes affect the outcome of this case and therefore, unless noted, we cite to the current rules. *Compare* ARFLP 76(C)(1)(i) (2017) *with* ARFLP 76.1(f)(6) (2019).

tuition and does not appear relevant to the issue of any history of domestic violence within the family. Wife did not present evidence of abuse at trial, so the court was free to find that there was no history of domestic violence or child abuse. *See* A.R.S. § 25-403.03(C).

## VI. Tax Liability

**¶19** Wife objects to the portion of the decree equally splitting a $24,738 tax liability from 2012 to 2013. Wife presented tax forms at trial showing income and cash distributions from CardioJost for the years 2013 and 2014. The first tax form, showing Wife's shareholder income for 2013, attributes income and a cash distribution to Wife. The following year, the form reported that Wife received income from CardioJost, but did not show any cash distribution. CardioJost's CPA testified that the second tax form reporting income and cash to Wife was a mistake, and would be amended to "show[] zero." The superior court attributed to Husband all tax liabilities derived from the erroneous reporting, including fees and interest, and split tax liability for 2012-2013 equally.

**¶20** The court was free to rely on testimony indicating that the mistake would be corrected. The court split the remaining tax liability incurred during the marriage equally and placed all responsibility for the erroneously reported income and distributions on Husband. We detect no error. The court's allocation of tax liability is supported by reasonable evidence.

## VII. Attorney Fees

**¶21** Wife argues that the superior court erred by denying her request for attorney fees. Under A.R.S. § 25-324, the superior court may order one party to pay attorney fees and costs after considering "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36 (App. 2011).

**¶22** The court found the substantial disparity of income between the parties was "equally balanced" by Wife's unreasonable actions in litigation. Specifically, the court highlighted Wife's position seeking a lifetime award of spousal maintenance "without making any reasonable effort to obtain employment." The superior court properly considered the financial resources and reasonableness of positions of both parties. Awards of attorney fees are well within the superior court's discretion and we thus detect no error.

## VIII. Denial of Motion to Compel and Award of Attorney Fees to CardioJost

¶23 Wife moved to compel disclosure of documents related to the value of CardioJost from the business itself. She now appeals the superior court's award of attorney fees to the business in connection with its denial of Wife's motion to compel under Rule 65 of the Arizona Rules of Family Law Procedure. Wife also disputes the need for CardioJost to hire an attorney because Husband had assumed control of the business, and his attorney could have represented both Husband and CardioJost. She claims that the business retaining separate counsel needlessly added expenses.

¶24 A party can file a motion to compel disclosure and request for sanctions under Rule 65(a)(2)(A) if a *party* fails to disclose required information. If the motion is denied, the court may award the party or person who opposed the motion reasonable expenses and attorney fees incurred to oppose the motion. ARFLP 65(a)(4)(B). CardioJost is not a party to the dissolution of marriage. Wife was not entitled to compel a non-party to disclose documents. ARFLP 65(a)(2)(A). Because Wife's motion was unsupported and correctly denied, the court did not err in awarding reasonable attorney fees to CardioJost. It was within the court's discretion to award attorney fees to CardioJost's separate counsel and we detect no error. *See also Pipkins v. Helm*, 132 Ariz. 237, 239 (App. 1982) ("Due process of law, as it is expressed through the right-to-counsel provisions of the state and federal constitutions, comprehends a right to appear and defend with retained counsel of one's own choice.").

## CONCLUSION

¶25 For the foregoing reasons, we affirm the superior court.

¶26 Wife asks for attorney fees on appeal under A.R.S. § 25-324. Husband asks for attorney fees and costs under A.R.S. § 25-324, Rules 31 and 65, and ARCAP 21. We decline to award Husband attorney fees, but because Husband is the prevailing party, he is entitled to costs on appeal upon compliance with ARCAP 21.

