NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

*In re the Matter of:*

LONNIE FERGUSON, *Petitioner/Appellee,*

*v.*

CHERRY PRAILLEAU, *Respondent/Appellant.*

No. 1 CA-CV 19-0201 FC
FILED 11-21-2019

———————————————

Appeal from the Superior Court in Maricopa County
No.  FC2018-000212
The Honorable Katherine M. Cooper, Judge

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**

———————————————

COUNSEL

Lonnie Ferguson, Lithonia, GA
*Petitioner/Appellee*

The Murray Law Offices PC, Scottsdale
By Stanley D. Murray
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

---

**S W A N N**, Chief Judge:

¶1        This appeal challenges several aspects of the superior court's name change, parenting time, and child support order.  We discern no abuse of discretion with respect to the name change, parenting time, and child support rulings, and therefore affirm with respect to those rulings.  But because the court declined to award attorney's fees and costs based on its erroneous belief that the parties did not request them, we vacate the court's ruling on that issue and remand so that the court can consider the parties' competing requests.

## FACTS AND PROCEDURAL HISTORY

¶2        Cherry Prailleau ("Mother") and Lonnie Ferguson ("Father") are the parents of a minor child.  In February 2018, Father petitioned to establish legal decision-making authority, parenting time, and child support.  Father alleged that Mother had moved to Arizona with the infant child in March 2017 after having told him she "would just be visiting Arizona with the [child] and would return."  He also alleged that, after the move, Mother "unilaterally filed and had the [child]'s name changed and birth certificate amended to reflect a different middle name and Mother's last name" instead of his last name.  He sought joint legal decision-making authority and restoration of the child's original name.  He proposed a multiphase parenting-time plan under which he would exercise increasing amounts of unsupervised parenting time.

¶3        Mother responded that she had told Father her move was permanent, and that changing the child's name was in the child's best interests in view of Father's lack of involvement in her life.  Mother requested that she be given sole legal decision-making authority, that Father be ordered to pay retroactive and future child support, and that Father be allowed limited parenting time, initially supervised at Mother's home.  Regarding the child's name change, she contended that Father "was fully aware . . . that she was filing the appropriate civil court documents" but chose not to participate.

¶4        In January 2019, after a hearing at which both parties testified, the superior court:

- Changed the child's name from C.P. to C.P.-F., finding that "Mother unilaterally changed the child's name on her birth certificate to delete Father's name without Father's consent;"

- Granted the parties joint legal decision-making authority;

- Granted Father regular, unsupervised parenting time starting in late January 2019, with his parenting time increasing as he established a bond with the child;

- Ordered Father to pay back child support from the date of his petition in the amount of $2,126, and to pay $639 per month in child support going forward;

- Denied Mother's claim for child support before the petition date, finding that she failed to seek child support in a timely manner and that her actions in that timeframe "demonstrate[d] an intent to remove Father from the child's life;" and

- Declined to award attorney fees or costs to either party because "[n]either Party has requested an award."

Mother appeals.

**DISCUSSION**

I.    THE SUPERIOR COURT PROPERLY CONSIDERED THE NAME-CHANGE REQUEST.

¶5        Mother contends that the superior court should not have considered Father's request to alter the child's name because he did not appear in the civil name-change proceeding.

¶6        "Under the doctrine of claim preclusion, a final judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same claim." *Airfreight Express Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 108, ¶ 12 (App. 2007). A party arguing claim preclusion must show "(1) an identity of claims in the suit in which a

judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits." *In re Gen. Adjudication of All Rights to Use Water In Gila River Sys. & Source*, 212 Ariz. 64, 69–70, ¶ 14 (2006). But "[e]ven when the technical requirements for preclusion based on a former adjudication are met, the court should not apply preclusion principles where there is some overriding consideration of fairness to a litigant." *In re Marriage of Gibbs*, 227 Ariz. 403, 407, ¶ 6 (App. 2011) (citation and quotation marks omitted). We review a claim-preclusion ruling de novo. *Pettit v. Pettit*, 218 Ariz. 529, 531, ¶ 4 (App. 2008).

**¶7** Mother contends that "Father was required to appear and respond to the name change [proceeding] . . . but instead chose to do nothing." But though Mother advised Father that she intended to change the child's name, and asserted that she had mailed him "legal documents," the only document in the record from the name-change proceeding, and the only document that Father testified about, is an "Optional Consent of Parent to Name Change of Minor Child and Waiver of Notice" form that Father did not sign. Because Mother presented no evidence that she properly served Father in the name-change proceeding, the judgment did not bind Father and the court did not err by declining to apply claim preclusion. *Cf.* Restatement (Second) of Judgments § 28(5) (issue preclusion does not apply where "[t]here is a clear and convincing need for a new determination of the issue . . . because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action").

II.    THE SUPERIOR COURT DID NOT ABUSE ITS DISCRETION BY AWARDING FATHER IMMEDIATE UNSUPERVISED PARENTING TIME.

**¶8** Mother contends that the superior court erred by awarding Father immediate unsupervised parenting time. We review the court's parenting time orders for abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013).

**¶9** Mother contends that immediate unsupervised parenting time was not in the child's best interests and endangered the child's health because the child and Father had no preexisting bond. But Mother does not challenge on appeal the superior court's finding that her pre-petition decisions controlling access to the child contributed to Father's inability to bond with the child. Moreover, while Mother expressed her preference that

Father's first few visits with the child be "around family and in a familiar setting," she presented no evidence to show that immediate unsupervised parenting time would not be in the child's best interest or would endanger or impair her. *See* A.R.S. §§ 25-403.02(B) (providing that parenting plan must be "[c]onsistent with the child's best interest"), -410(B) (providing that supervised parenting time is warranted if "in the absence of [supervision] the child's physical health would be endangered or the child's emotional development would be significantly impaired"). And though Mother also testified that the parties had agreed in mediation that it would be best for Father to bond with the child "around family and in a familiar setting," emails she offered from that timeframe suggested that the parties did not agree. We perceive no abuse of discretion in the court's parenting time rulings.

III.    THE SUPERIOR COURT PROPERLY AWARDED CHILD SUPPORT.

      A.    The Superior Court Did Not Abuse Its Discretion by Failing to Include Medical Insurance and Childcare Expenses in the Child Support Award.

¶10    Mother contends that the superior court erred by not adjusting its child support award to account for medical insurance and childcare costs she claims to have incurred before the hearing. We review a child support award for abuse of discretion, accepting the superior court's findings of fact unless clearly erroneous and reviewing the court's interpretation of the Arizona Child Support Guidelines, A.R.S. § 25-320 app. ("Guidelines"), de novo. *Engel v. Landman*, 221 Ariz. 504, 510, ¶ 21 (App. 2009).

¶11    Under Guidelines § 9(A), the court must "add to the Basic Child Support Obligation the cost of the children's medical dental or vision insurance coverage, if any." Here, however, the court correctly found that Mother did not list any medical insurance expenses in her affidavit of financial information. She also listed no medical insurance expenses in the child support worksheet she submitted with her pretrial statement, and she testified that she and the child were covered by Medicaid between April 2017 and May 2018.

¶12    As for childcare expenses, Guidelines § 9(B)(1) provides that the court may add "[c]hildcare expenses that would be appropriate to the parents' financial abilities." But Mother listed no childcare expenses in her affidavit of financial information, and the court found unpersuasive the

evidence she offered at trial—testimony and bank statements showing unidentified withdrawals and transfers. We defer to the court's weighing of the evidence. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009) ("Our duty on review does not include re-weighing conflicting evidence or redetermining the preponderance of the evidence."). We therefore find no abuse of discretion on this issue.

> B. The Superior Court Did Not Abuse Its Discretion by Declining to Award Child Support Retroactive to the Date of Mother's Move to Arizona.

¶13        Mother contends that the superior court erred by declining to award her child support retroactive to March 2017, when she moved with the child to Arizona. She cites A.R.S. § 25-809(B), which lists three factors that the court must consider in deciding whether to "order past support retroactive to more than three years before the commencement of the proceeding." But § 25-809(B) does not apply because Mother did not seek support retroactive to more than three years before Father's petition.

¶14        Mother's claim instead is governed by § 25-320(C), which provides: "[T]he court may order child support retroactively to the date of separation, but not more than three years before the date of the filing for dissolution of marriage, legal separation, maintenance or child support. The court must first consider all relevant circumstances, including the conduct or motivation of the parties in that filing and the diligence with which service of process was attempted on the obligor spouse or was frustrated by the obligor spouse." Under the statute, the court is not required to order retroactive child support; it may do so where it deems such child support appropriate. *See Simpson v. Simpson*, 224 Ariz. 224, 226–27, ¶ 9 (App. 2010).

¶15        Mother argues that "[t]he only legal basis for denying [her] full retroactive child support would be if she had hid[den] the child from Father and unreasonably delayed establishing child support." While the court did not find that Mother "hid" the child from Father, it did find she "took the child to live with her in Arizona without Father's knowledge or consent" and did nothing to establish child support before Father filed his petition nearly a year later. Mother disputes those findings, but we defer to the superior court's resolution of the parties' conflicting testimony. *See Hurd*, 223 Ariz. at 52, ¶ 16. Further, we reject Mother's contention that the court's findings were not relevant to the analysis under § 25-320(C). Section 25-320(C) provides that the court must consider "all relevant

circumstances." The court did not abuse its discretion by deeming Mother's pre-petition actions to be relevant to her retroactive child support claim.

IV.    THE SUPERIOR COURT OVERLOOKED THE PARTIES' REQUESTS FOR ATTORNEY'S FEES AND COSTS.

**¶16**    Mother finally challenges the superior court's decision not to award attorney's fees or costs under A.R.S. § 25-324(A). We review the court's ruling for abuse of discretion. *See Murray v. Murray*, 239 Ariz. 174, 179, ¶ 20 (App. 2016).

**¶17**    The court declined to award attorney's fees and costs based on its finding that neither party requested them. But the record reveals that both parties did request attorney's fees and costs in their pretrial statements, and that Father requested attorney's fees and costs in his petition as well. We therefore vacate the court's ruling on this issue and remand so that it may consider the parties' requests.

## CONCLUSION

**¶18**    We affirm as to all issues raised in this appeal except for the parties' attorney's fees and costs claims below. We vacate and remand for further proceedings as to that issue. Having considered the financial evidence in the record and the reasonableness of both parties' positions on appeal, we deny Mother's request for attorney's fees and costs incurred in this appeal.



AMY M. WOOD • Clerk of the Court
FILED:  AA